ADAM SPITSNAUGLE, *Appellant,* v. MARY SPITSNAUGLE,
*Appellee.*

No. 17,689.

SYLLABUS BY THE COURT.

1. DIVORCE—*Statutory Ground Proven—Divorce Refused—Error.* When a statutory ground for a divorce to a plaintiff has been established and found by the court it is error to refuse a decree merely because the court has information derived from a different proceeding between the same parties of facts which might possibly mitigate or excuse the fault of the defendant.

2. ——— *Same.* In such a case, in order to circumvent fraud or collusion, if strongly suggested, the court might, on its own initiative, call and examine witnesses and, should it care to do so, invite the assistance of some attorney as a friend of the court. But it has no discretion to refuse a divorce when a statutory ground therefor has been established unless the parties are shown to be in equal wrong; and the judgment should rest on proceedings reviewable on appeal and not on information extraneously derived.

Appeal from Trego district court. Opinion filed June 8, 1912. Reversed.

*Herman Long,* for the appellant.

The opinion of the court was delivered by

BURCH, J.: The plaintiff filed a petition for a divorce from his wife containing the following allegations:

"Plaintiff further alleges that on or about the 18th day of April, 1907, the said defendant, without any just cause or excuse for so doing, left the home of the plaintiff in Trego County, Kansas, and ever since that time has remained away and has lived separate and apart from this plaintiff; and the said desertion has continued for more than two years and still continues. Plaintiff further alleges that ever since the time of their said marriage and up to the time of the said desertion he provided the defendant with a home, clothing, food, care and shelter all in accordance with his

means and ability, and ever demeaned himself toward the defendant as a husband should do toward his wife. That the desertion of the defendant was of her own choosing and of her own fault, and the plaintiff was in no way responsible therefor."

Personal service was made on the defendant in the county in which the action was brought, but she filed no answer and made no appearance. The cause was tried by the court in March, 1910. A judgment was rendered making a division of property between the parties and awarding the custody of children to each of them. Other proceedings are shown by the journal entry, which reads as follows:

"And thereupon the plaintiff offered the evidence of himself and his witnesses, Lee Spitsnaugle and George Spitsnaugle, and rested, and no evidence was offered on behalf of the defendant.

"From the evidence so adduced it is found by the court that the allegations of the plaintiff's petition are true; but the court has knowledge of certain other facts connected with the said case not introduced in evidence in this case, but heard by the court on the hearing of an application for temporary alimony in the case of *Mary Spitsnaugle vs. Adam Spitsnaugle,* pending in this court between the same parties to this action and heard by the court in the year 1907 and from the knowledge so derived the court is of opinion that there may be mitigating circumstances or possibly an excuse for the said alleged abandonment.

"Where parties have lived together as husband and wife for the length of time shown in this case, and have raised a family of children, this court will always in its discretion—except in very extraordinary circumstances refuse to grant a divorce, unless the statute absolutely requires that it shall be done.

"It is further ordered by the court that the question of granting a divorce be passed by the court for further consideration and further evidence at a later date."

In March, 1911, the following proceedings took place:

"The plaintiff requests the court to render judgment granting to plaintiff a divorce on the evidence introduced in said cause. And the court, without having

heard any further evidence than that introduced on the trial of said cause on March 16th, 1910, and being fully advised in the premises, orders and adjudges that plaintiff's application for divorce be and the same is hereby denied on the ground stated by the court heretofore at the trial of said cause at the March, 1910, term of the court."

The plaintiff appeals.

The legislature fixes the policy of the state upon the subject of divorce. When a statutory ground for divorce has been established, as in this case, the court has no discretion to refuse a decree unless the parties appear to be in equal wrong. (Civ. Code, § 668.) Equal wrong should be made to appear by evidence produced at the trial. In order to circumvent fraud or collusion, if strongly suggested, the court no doubt may, on its own initiative, call and examine witnesses, and should it care to do so may, no doubt, invite the assistance of some attorney, as a friend of the court. But the judgment should rest upon a record which may be reviewed on appeal and not upon independent information derived by the judge from other proceedings.

The judgment is reversed and the cause is remanded for further proceedings at the first term of the district court following receipt of the mandate, should the court deem it necessary, in the interest of justice, to follow the course indicated; otherwise the court will grant a divorce to the plaintiff upon the finding of fact already made.