## In re ESTATE OF CUTCHALL.

No. 18685. Opinion Filed June 19, 1928.

(Syllabus.)

1. **Appeal and Error—Motions with Rulings and Exceptions not Considered on Appeal by Transcript.**

A transcript brings up for review only the record; motions, rulings thereon, and exceptions thereto, being no part of the record, cannot be considered on transcript.

2. **Same—Appeal Filed More Than Six Months After Last Proceedings Reviewable on Transcript—Dismissal.**

Where an appeal is by transcript and is filed in the Supreme Court more than six months after the last proceedings which can be considered on transcript, this court is without jurisdiction to review the action of the trial court.

Error from District Court, Tulsa County; R. D. Hudson, Judge.

From the judgment of the trial court determining Charles Minnick Cutchall an heir of the estate of Isaiah Ricard Cutchall, Laverne B. Cutchall, an infant, by his guardian, Nola B. Dyer, appeals. Dismissed.

H. B. Martin, E. M. Connor, and C. A. Warren, for plaintiff in error.

Green & Farmer and Lydick, McPherren & Jordan, for defendant in error

PER CURIAM. In this proceeding, upon appeal from the county court of Tulsa county, trial was had de novo in the district court of Tulsa county, evidence introduced, verdict returned by the jury, and judgment rendered on the 29th day of December, 1926. On the same day the respondent filed in the trial court his motion to dismiss the cause on the grounds of lack of jurisdiction in the trial court, and on said day filed a motion for new trial, and on March 4, 1927, an order was made overruling each of said motions. Notice of appeal was given in open court and time given in which to make and serve case-made. From the orders and judgments of the trial court, the respondent appealed to this court by petition in error with transcript attached, filed August 31, 1927.

The assignments of error in the petition in error are that the trial court erred in overruling the motion to dismiss, in rendering judgment upon the verdict of the jury because of lack of jurisdiction, and in overruling motion for new trial.

The defendant in error has filed herein his motion to dismiss for the reason the first and third assignment of error cannot be reviewed upon transcript and that the appeal was not lodged in this court within the time allowed by law within which to perfect an appeal from the error complained of in the second assignment of error.

The first and third assignments of error are based upon the action of the trial court on motion to dismiss and motion for new trial, and this court has held that motions of this character are not a part of the record unless made so by bill of exceptions or case-made, and cannot be reviewed upon transcript. In the case of Davis v. De Greer, 91 Okla. 111, 216 Pac. 156, this court held:

"Appeals by certified transcript present only such errors as appear on the face of the record, and such record consists of the petition, answer, reply, demurrers, process, orders and judgments, and in order to present errors involving motions, affidavits, evidence, instructions, and other preliminary proceedings, same must be brought into the record by bill of exceptions or case-made."

See Stonebraker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 162; Richardson v. Beidleman, 33 Okla. 463, 126 Pac. 818; United Fig & Date Co. v Carroll, Brough, Robinson & Humphrey, 116 Okla. 82, 243 Pac. 211; Brigham v. Davis, 126 Okla. 90, 258 Pac. 740.

Judgment was rendered upon the verdict of the jury December 29, 1927, and the second assignment of error is based upon this action of the trial court. The petition in error with transcript attached was filed in this court August 31, 1927, more than six months after the date of the action of the trial court complained of. In the case of

Murphy v. Comley Lumber Co., 80 Okla. 66, 193 Pac. 997, in an opinion filed in said cause the court said:

"Petition in error, with transcript attached, was filed in this court April 3, 1920. The appeal being by transcript, which brings up only the record proper, and motions, the rulings thereon, and the exceptions thereto being no part of the record proper, the judgment entry of May 31, 1919, is the last proceeding in this case which can be considered as a part of the transcript. Williams v. Kelly, 71 Okla. 166, 176 Pac. 204; Folson v. Billy, 78 Okla. 146, 189 Pac. 188; Morrison v. W. L. Green Comm. Co., 61 Okla. 287, 161 Pac. 218.

"The appeal was filed in this court more than six months from the rendition of judgment. Under chapter 18, Sess. Laws 1910-11, proceedings in error in the district court must be brought within six months from the date of the rendition of the judgment or order from which the appeal is sought to be taken, and, when not so brought, this court is without jurisdiction to review such final order. Perry v. Werline, 77 Okla. 92, 186 Pac. 940, and cases therein cited; Wood v. McEwen, 45 Okla. 11, 144 Pac. 590.

The law as announced in the cases cited herein covers the questions raised by the motion to dismiss the appeal and is decisive thereof, and this court does not have jurisdiction to review the subject-matter of the action. The appeal is dismissed.

Note.—See under (1) 4 C. J. p. 183, §1786. (2) 4 C. J. p. 566, §2380.