## GOODWIN et al. v. DAVIS et al.

No. 19677.   Opinion Filed Feb. 5, 1929.

E. P. Neal, for plaintiffs in error.

Preston S. Davis, for defendants in error.

PER CURIAM. This is an attempt to appeal from a judgment and order of the district court of Tulsa county rendered in an action wherein James S. Davis and Mary M. Davis, his wife, were plaintiffs and Frank Goodwin and Nellie Goodwin, his wife, were defendants. The parties will be referred to herein as they appeared in the trial court.

The plaintiffs sought by their petition to quiet title to certain real estate in Tulsa county. The issues were joined and the cause tried to the court. The defendants failed to appear at the trial and judgment was rendered in favor of the plaintiffs on the 24th day of February, 1928. Thereafter, on the 27th day of February, 1928, the defendants filed a petition under the seventh subdivision of section 810, C. O. S. 1921, to vacate the judgment based upon the grounds of unavoidable casualty or misfortune preventing them from defending. The plaintiffs by their attorney entered their voluntary appearance and a hearing was had on said petition on the 24th day of March, 1928, and the prayer of the petition was by the trial court denied. No motion for new trial was filed in said cause, but 30 days was given in which to make and serve case-made. This 30 days' time expired on April 23, 1928. On April 24, 1928, an order was made extending the time 15 days from April 24, 1928. The trial court was without authority to make the order of April 24, 1928, for the reason the time allowed by previous order had expired. Petty v. Foster, 122 Okla. 152, 252 Pac. 836; Tanner v. Crawford, 80 Okla. 183, 195 Pac. 138.

The defendants filed the purported record

with the clerk on May 9, 1928, and gave notice of the filing thereof to the adverse party and procured the certificate of the trial judge to the purported record on the theory that service thereof was necessary to be had on more than two parties as provided in section 785, C. O. S. 1921, but the purported record discloses that James S. Davis and Mary M. Davis were the only adverse parties, and it was therefore necessary to make personal service upon the parties or their attorneys of record. Under these conditions, the purported record cannot be considered as a valid case-made.

The purported record was not served within the time allowed by law or any valid order of the court; therefore, as a case-made, is a nullity. Petty v. Foster, supra; Harrison v. Reed, 81 Okla. 149, 197 Pac. 159.

The purported record is preceded by a certificate of the clerk of the trial court certifying that the attached instruments following are full, complete, and true copies of the pleadings filed in this cause, to wit, petition, praecipe for summons, summons, motion, answer, reply, final judgment and decree, petition to vacate, and order extending time, but nowhere in the purported record is to be found a certificate of the clerk certifying that it is a full, true, and complete transcript of the record in said cause as required by rule 17 of the rules of this court; therefore we cannot consider the same as a transcript. Manley v. Halsell, 43 Okla. 402, 143 Pac. 193.

Under the condition of the record in this case, there is nothing before this court for review, and upon motion of the defendants in error the appeal is hereby dismissed.

Note.—See under (1) 2 R. C. L. p. 159; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75; 6 R. C. L. Supp. p. 69. See "Appeal and Error," 4 C. J. §1985, p. 345. n. 60; §1991, p. 350, n. 2; §1997, p. 352, n. 25; §2168, p. 450, n. 9.