## MAYES v. KALI-INLA COAL CO. et al.

No. 20334. Opinion Filed Nov. 5, 1929.

W. N. Redwine, for petitioner.

Edwin Dabney, Atty. Gen., Ralph G. Thompson, Asst. Atty. Gen., and W. H. Moore, for respondents.

MASON, C. J. This is an original proceeding in this court to review an order of the State Industrial Commission discontinuing the further payment of compensation to the petitioner by the respondent, coal company, for an accidental injury suffered by the petitioner while in the employ of such company.

Counsel for petitioner contends that there is no evidence whatever to support the findings of fact of the Commission and the order based thereon. This calls for a review of the record on our part.

The record herein discloses that on October 20, 1927, the petitioner, T. H. Mayes, was in the employ of the respondent, Kali-Inla Coal Company; that on said date he suffered an accidental injury to the middle finger of his left hand; that from said injury blood poison developed, for which he was treated for several months; that pus formed in his left hand and drains had to be used to

draw the pus therefrom; that during said treatment, it became necessary to amputate said finger; that respondent furnished the claimant necessary medical and hospital treatment.

Petitioner filed his application for compensation before the State Industrial Commission within the time provided by law, and the respondent, coal company, paid $530, for the loss of said finger and paid compensation for disability of petitioner's left hand in the sum of $18 per week up to December 27, 1928, totaling approximately $553, at which time respondent filed with the Commission a motion to discontinue compensation on the ground that the claimant had entirely recovered. Hearing was had on said motion before the Commission and evidence was taken. Petitioner testified and contended that on account of said blood poisoning and pus, resulting therefrom, the tendon sheaths, muscles, and fibrous tissues had been paralyzed and destroyed and that his left hand had been permanently disabled from use for any purpose. His contention was supported by the evidence of H. E. Thomas, an osteopath, and Doctors W. T. Booth, W. A. Lee, and Arthur Cleckler.

On behalf of respondent, Doctors L. S. Willour, J. E. Johnson, and Antonio D. Young testified that in their judgment the petitioner had entirely recovered from his injury, except for the loss of the finger, and that his left hand could be used. All of said physicians who appeared as witnesses for each side had made personal examinations of the petitioner's hand and those testifying for the respondent had made various tests.

The Commission found that the claimant had completely recovered, and sustained the respondent's motion to discontinue the further payment of compensation as of December 27, 1928, which order the petitioner herein seeks to have vacated.

We cannot say that we would reach the same conclusion as the Commission, but we are not permitted to weigh conflicting evidence under the following rule, which is too well established to require the citation of authorities:

"An award and finding of the State Industrial Commission upon questions of fact is final and conclusive, where there is any competent evidence reasonably tending to support said award and judgment, but where an award is made and there is no evidence supporting said award, the same will be vacated and set aside on review."

The petition for review, therefore, must be, and the same is, denied.

CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT, J., absent. LESTER, V. C. J., not participating.

Note.—See under (1) anno. 30 A. L. R. 1277; 28 R. C. L. p. 829; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 7 R. C. L. Supp. p. 1011. See Workmen's Compensation Acts—C. J. §127, p. 122, n. 40; §151, p. 132, n. 76.