## CURTIS v. MASON & HOPKINS et al.
## CURTIS v. PARK et al.

No. 21971.  Opinion Filed Feb. 23, 1932.

C. W. Ferguson and Rizley & Sweet, for plaintiff in error.

Hughes & Dickson and Mountell & Spellman, for defendants in error.

PER CURIAM.  This case presents an attempted appeal from the district court of Texas county. Three cases filed in the lower court, to wit: David Curtis v. Mason & Hopkins et al., No. 4487; Nettie Park et al. v. David Curtis, No. 4529, and David Curtis v. Nettie Park et al., No. 4534, were, by agreement, consolidated for the purpose of trial. All matters were tried to the court, and at the close of he trial on June 4, 1930, separate judgments were rendered, and later filed in each case, and motions for new trial were filed in each case and acted upon separately. The record in all of the cases and evidence introduced at the trial are incorporated in one record and case-made for the purpose of appeal, and plaintiff in error has filed petition in error joining said causes, with the case-made attached thereto.

Defendants in error file motion to dismiss the appeal: First, because the case-made was not served on the defendants in error until October 3, 1930, and after the same had been settled and signed by the trial judge on September 30, 1930, thereby precluding the defendants in error from suggesting amendments; second, that plaintiff in error has failed to comply with the rules of this court, and especially rule 26, by filing a purported typewritten brief, and wherein he does not distinguish between

the statement of the case and the argument and authorities cited.

It appears from the record that plaintiff in error obtained leave of this court to file typewritten brief, and in view of the more serious defects appearing in the record, we consider it unnecessary to consider other matters set forth in the second ground for dismissal.

Plaintiff in error has filed response to the motion to dismiss in the form of an affidavit by one of the attorneys, wherein it is stated that, on or about August 4, 1930, the affiant,

"as such attorney served a true copy of the transcript of all proceedings had in the district court of Texas county, in the above matter, upon Hughes & Dickson, attorneys at Guymon, Okla., and that they receipted for same, and if the transcript bears date of October 3, 1930, same is a mistake."

It is to be noted that the receipt referred to is not attached to the response. A reply to this response, in the form of an affidavit by one of the attorneys for the defendant, denies that any transcript or case-made was served on him as stated in the response.

The record contains an order of the trial court made on August 4, 1930, granting 30 days' additional time to prepare and serve case-made, and there appears another order under date of September 3rd, granting 30 from that date to prepare and serve case-made and 10 days to suggest amendments. It appears that the case-made was not completed on August 4th, and therefore could not have been served on attorneys for defendants in error on said date as alleged in the response. The certificates of the court reporter and the court clerk appear in the record under date of September 30, 1930, and the certificate of the trial judge settling the case-made is also dated September 30, 1930. There appears in the record a signed acknowledgment of service of case-made, "made on the 3rd day of October, 1930," and following this there appears a form of stipulation waiving the right to suggest amendments, signed by attorneys for plaintiff and defendant, but bearing no date.

The record must affirmatively show service of case-made prior to the date of settlement, and if waiver of amendments is relied upon, it must also affirmatively show that the stipulation containing waiver of amendments must have been signed on the day of settlement or on a date prior thereto; and we cannot say that the record does so show, but, on the contrary, the face of the record

affirmatively shows that the case-made was not served until October 3rd the last day upon which service could be made under the order of the trial court of September 3, 1930, extending the time 30 days from that date, and for this reason the appeal would have to be dismissed.

But there are other matters which arise on the face of the record independent of the motion, some of which are jurisdictional. Judgments in all of the cases were rendered against plaintiff in error on June 4, 1930, and motions for new trial were filed in all of the cases on June 5, 1930. From the minutes of the court clerk copied in the record, it appears that the motions for new trial in all of the cases were overruled on June 5th and that notice was given in open court of intention to appeal, and 30-10-5 given to make, serve, settle, and sign case-made. But the record does not contain any order made by the trial judge overruling the motions for new trial and extending the time in which to prepare and serve case-made. The journal entries of judgment appearing in the record do not contain any notice of appeal, nor do they indicate that motions for new trial had been filed and overruled. It has been repeatedly held by this court that a mere recital in the clerk's minutes transcribed into the record does not constitute a judgment, and where no judgment of the trial court appears in the record, the Supreme Court has no jurisdiction to review the case on appeal. In Lester v. J. J. Gwin Co., 142 Okla. 175, 286 P. 339, and the cases therein cited, this court announced the following rule:

"A mere recital in the court clerk's minutes that a motion for new trial was overruled does not constitute a judgment or order overruling motion for new trial, and where no order overruling motion for new trial appears in the record and a motion for new trial is necessary, there is nothing before this court for review."

Plaintiff in error assigns error of the trial court in overruling demurrer to the petition of Nettie Park, which is the only assignment of error that could be considered on transcript. However, we have searched the record for the order of the trial court overruling said demurrer, and are unable to find that any such order was made; it appears that demurrer was filed, but was never considered and acted upon by the court. But, if such error was presented by the record, this court is without jurisdiction, for the reason that the judgments appealed from were rendered on June 4, 1930; no notice of appeal given at the time, nor within the time provided by law; and it further appears that the appeal was

not filed in this court until December 5, 1930, one day after the expiration of the six-month period within which the appeal could be taken. ·

"Where a proceeding in error is not filed in the Supreme Court until after the expiration of six months from the date of the judgment or order appealed from, it will be dismissed for want of jurisdiction." Converse v. Berry, 131 Okla. 188, 268 P. 235.

There is another patent defect in the record before us, which, although not referred to in the motion to dismiss, we deem it best and proper to dispose of at this time, in order to prevent such irregularity in future cases. The three cases were consolidated for the purpose of trial; separate judgments were rendered in each case against the plaintiff in error, and plaintiff in error has attempted to appeal by filing petition in error with purported case-made attached, which case-made includes the record of all of the cases and the evidence introduced at the trial. This court has repeatedly held:

"Where parties have undertaken by one appeal, upon one petition in error and one case-made, to review two or more judgments, the Supreme Court will dismiss such attempted appeal for duplicity." Key 'v. Missouri, K. & T. Ry. Co., 135 Okla. 52, 274 P. 672.

For the reasons hereinabove stated and upon the authorities cited, this court is without jurisdiction to review the errors complained of, and the appeal is dismissed.

Note.—See under (1) annotation in 42 L. R. A. (N. S.) 623; 2 R. C. L. 158, 159.