### BAXTER v. WILBANKS.

No. 22858. Opinion Filed Feb. 23, 1932.

Rehearing Denied March 29, 1932.

John L. Bolen, for plaintiff in error.

Paul N. Buford, for defendant in error.

PER CURIAM. On appeal from the justice of peace court in a replevin suit filed by C. E. Baxter, as plaintiff, against E. E. Wilbanks et al., defendants, hearing was had in the district court of Bryan county, Okla., and on December 22, 1930, judgment was rendered in favor of the plaintiff for the possession of certain cattle and in favor of defendant E. E. Wilbanks for damages in the sum of $30, attorneys fee $20 and all of the costs in excess of $10. Plaintiff in error, plaintiff below, filed motion for new trial on December 23, 1930.

There appears in the record two distinct orders overruling motion for new trial, one entered on December 26, 1930, and which order provides for extension of 60 days in which to prepare and serve case-made; a second order entered on March 23, 1931, purporting to overrule the motion for new trial, granting an extension of 90 days within which to prepare and serve case-made. Both mentioned orders were signed by the trial judge and filed in the cause, the latter being filed on April 20, 1931, and the former shows filing date September 14, 1931. The trial was had in the district court on the 9th day of October, 1930, but no action was taken by the court at the close of the trial; however, there appears in the record, a motion for new trial filed by the plaintiff on October 10, 1930, and motion for new trial filed by the defendant on October 20, 1930; also, an order overruling motion for new trial entered on the 8th day of November, 1930, properly signed by the trial judge and filed on said date, which order purports to grant 60 days in which to prepare and serve case-made. In the order of March 23, 1931, the court finds "that certain other motions for new trial were filed and overruled by the court, but that all of said motions were filed in this court prior to the date of the judgment, to wit: December 22, 1930, and are hereby ordered held for naught and stricken from the record and files in this case." Said order of March 23, 1931, does not refer to the order of December 26, 1931, in which the motion for new trial was overruled, and does not vacate or set aside said order.

Defendant in error has filed motion to dismiss the appeal on the grounds that this court is without jurisdiction in that the attempted appeal was not taken within the time and manner required by law.

In Saxon, Gdn., v. Green, 131 Okla. 15, 267 P. 465, this court held:

"The trial court is without jurisdiction to modify or change a void order extending the time in which to make, serve, and settle a case-made after the expiration of the time allowed by law or former valid order extending the time."

The order of March 23, 1931, purports to grant an extension of 90 days' time in which to serve case-made; the 60 days granted by order of December 26, 1930, expired on February 26, 1931. On June 19, 1931, an order was entered granting 30 days additional for service of case-made; on July 18, 1931, an order was entered granting 30 days in addition to the time heretofore granted in which to prepare and serve case-made. On August 17, 1931, another order was entered purporting to grant plaintiff 15 days' time in addition to the time theretofore granted; and on September 3, 1931, another order was entered purporting to grant three days in addition to the time theretofore granted in which to prepare and serve case-made, the defendant to have 10 days to suggest amendments, case-made to be settle on five days' notice.

Even if we should consider the order of March 23, 1931, a valid order, the case-made is a nullity for the reason that the total time granted for service of case-made amounted to 171 days, and would expire on September 7, 1931; and the case-made was not served on the defendant until September 18, 1931, more than ten days after the expiration of the time granted for the preparation and service of same. This court

has uniformly held that, where a case-made is not served within the time prescribed by law or valid order of the trial court, such case-made is a nullity and brings nothing before this court for review. Goodwin v. Davis, 135 Okla. 104, 274 P. 462; Lambert v. Monarch Cement Co., 141 Okla. 31, 285 P. 844.

The case-made is certified by the court clerk under date of September 21, 1931, as a true and correct transcript of the record. There are no assignments of error that can be considered on transcript, and furthermore, the appeal was not filed in this court until September 23, 1931, nine months after the rendition of judgment on December 22, 1930. Proceedings on appeal to this court must be commenced within six months from rendition of judgment or order appealed from or the appeal will be dismissed. For the reasons stated, this court is without jurisdiction to review the errors complained of, and the appeal is dismissed.