## MASSAD v. HEIDE.

No. 23791.   Opinion Filed Dec. 20, 1932.

S. J. Berton and Joe Adwon, for plaintiff in error.

J. M. Grubbs, for defendant in error.

PER CURIAM. This case presents an attempted appeal by the defendant from a judgment rendered on jury verdict in the county court of Payne county, on the 10th day of December, 1931, and from an order overruling motion for new trial made and entered on the 23rd day of December, 1931.

The defendant in error has filed motion to dismiss the appeal upon the grounds: First, that no case-made was served on the defendant in error within the time required by law or granted by order of the court; second, that the order appealed from was entered on the 23rd day of December, 1931, and the case-made was not settled until the 24th day of June, 1932, and the appeal not

filed in this court within the six months subsequent to the date of the judgment and final order appealed from; third, that no notice was given of the time that said case-made would be presented to the trial judge for settlement. No response to the motion to dismiss has been filed by plaintiff in error although due notice of filing said motion was served on the attorneys for plaintiff in error.

It appears from the record that the case-made was not served within the time allowed by law or valid order of the court. There was no waiver of right to suggest amendments, nor waiver of notice of time and place of settlement, by the plaintiff, and no notice of settlement was served on the plaintiff, defendant in error herein.

The certificate of settlement was dated June 24, 1932, and the petition in error with case-made attached was filed in this court on June 24, 1932.

An order purporting to extend the time for making and serving case-made, made and entered after the expiration of time fixed by former order, is void. Petty v. Foster, 122 Okla. 153, 252 P. 836; Goodwin v. Davis, 135 Okla. 104, 274 P. 462; Baxter v. Wilbanks, 156 Okla. 51, 9 P. (2d) 426; McGrew v. Land, 154 Okla. 273, 7 P. (2d) 676.

Where plaintiff in error fails to make and serve case-made within the time required by law, or within the time as extended by valid order of the trial court, such case-made is a nullity and presents nothing to this court for review. Petty v. Foster, supra; Goodwin v. Davis, supra; Baxter v. Wilbanks, supra; Lambert v. Monarch Cement Co., 141 Okla. 31, 285 P. 844; McGrew v. Land, supra.

It appears that the final order appealed from, the order overruling the motion for new trial, was made and entered on the 23rd day of December, 1931; that the appeal was not filed in this court until the 24th day of June, 1932, one day after the expiration of six months subsequent to the date of the order overruling the motion for new trial. It has been repeatedly held that under section 798, C. O. S. 1921 [O. S. 1931, sec. 547] proceedings for reversing, vacating, or modifying judgments or final orders must be commenced within six months from the rendition of the judgment or final order appealed from, and when not commenced within said period by filing petition in error and record in this court, this court is without jurisdiction and the appeal will be dismissed. Washita Consolidated School District No. 20, Caddo County, v.

Arlington School Supply Co., 121 Okla. 266, 249 P. 927; Barfield Petroleum Co. v. Pickering Lumber Co., 137 Okla. 151, 278 P. 391; Baxter v. Wilbanks, supra; Curtis v. Mason and Hopkins, 155 Okla. 176, 8 P. (2d) 747.

Under the condition of the record in this case, it is unnecessary to consider the third ground stated in the motion to dismiss. There is nothing before this court for review, for the reason that the case-made was not served as required by law, and the further reason that the case-made and petition in error were not filed within the time allowed by law. This court is without jurisdiction. Motion of defendant in error is sustained, and the appeal dismissed.

Note.—See under (1, 2) annotation in 43 L. R. A. (N. S.) 623; 2 R. C. L. 158, 159.