### PROVIDENT LIFE & ACCIDENT INS. CO. v. AUSTIN.

No. 23634. Opinion Filed Jan. 24, 1933.

L. W. Randolph and Jones & Randolph, for plaintiff in error.

Erwin & Erwin, for defendant in error.

PER CURIAM. This cause presents an

attempted appeal from the district court of Lincoln county. Judgment was rendered on jury verdict in favor of the plaintiff, Mrs. Emma Austin, and against the Provident Life & Accident Insurance Company, October 16, 1931; order overruling motion for new trial was made and entered November 7, 1931. Petition in error with case-made was filed in this court on May 11, 1932. The six months' time for perfecting appeal in this court expired on the 7th day of May, 1932. Defendant in error has filed motion to dismiss the appeal for the reason petition in error was not filed within the time required by law, and this court is without jurisdiction to review the judgment and final order appealed from. No response has been filed by plaintiff in error.

Section 798, C. O. S. 1921 (section 547, Okla. Stat. 1931), requires all proceedings for reversing, vacating, or modifying judgments or final order to be commenced within six months from the rendition of the judgment or final order complained of; except that, in cases where there exist certain enumerated disabilities, such person shall have six months, exclusive of the time of such disability, to commence the proceedings. This court has repeatedly held that where a proceeding in error is not filed in the Supreme Court until after the expiration of six months from the date of judgment or order appealed from, it will be dismissed for want of jurisdiction. Converse v. Berry, 131 Okla. 188, 268 P. 235; Verschoyle v. McDaniels, 127 Okla. 166, 260 P. 55; Federal Surety Co. v. Evans, 139 Okla. 231, 281 P. 952; Sanders v. West, 151 Okla. 137, 2 P. (2d) 953; Curtis v. Mason & Hopkins, 155 Okla. 176, 8 P. (2d) 747; Baxter v. Wilbanks, 156 Okla. 51, 9 P. (2d) 426; Whitfield v. Pippin, 150 Okla. 298, 1 P. (2d) 669.

The petition in error not having been filed within the time required by law, this court is without jurisdiction of the subject-matter. For want of jurisdiction, the appeal is dismissed.

Note.—See under (1) 2 R. C. L. 167; R. C. L. Perm. Supp. p. 356; R. C. L. Pocket Part, title "Appeal," § 143.