## HARJO v. JOHNSTON.

No. 22875. Opinion Filed Feb. 28, 1933.

W. M. Gulager, John D. Gulager, Chas. B. Rogers, and E. O. Patterson, for plaintiff in error.

Goode, Dierker & Goode, for defendant in error.

McNEILL, J. The question involved is a motion to dismiss the appeal. This action was commenced in the district court of Seminole county. Willard Johnston, defendant in the trial court and defendant in error herein, has filed his motion to dismiss the appeal of Edmond Harjo, a minor, by D. A. Long, legal guardian, plaintiff below and plaintiff in error herein. The following reasons are urged in support of said motion:

"1. Because the record affirmatively shows that no notice of appeal was given at the time the order attempted to be appealed from was rendered, and no written notice of appeal was ever served upon the defendant in error, nor his attorneys.

"2. Because the record affirmatively shows that the pretended case-made herein was not served upon the defendant in error within the time required by law.

"3. Because said pretended case-made was not filed in the district court of Seminole county, Okla., after the same was attempted to be settled, and therefore this court is without jurisdiction to entertain the pretended appeal or pronounce judgment herein for anything except the dismissal of this appeal."

The questions presented call for a determination of whether or not it is necessary to file a motion for a new trial to review an order of the trial court granting an order nunc pro tunc on the hearing of a motion duly filed in said cause praying for such order. It appears that a motion for an order nunc pro tunc directing the clerk of the district court of Seminole county to enter upon the court's journal an order confirming a sheriff's sale as of December 7, 1920, purported to have been signed by the Honorable John L. Coffman, district judge, was filed by defendant in error on March 6, 1931. This matter was duly set for hearing, and on March 31, 1931, the district court made an order directing the order of confirmation as prayed for by said motion.

The record shows that at the time of the granting of an order nunc pro tunc, no notice of intention to appeal was given in open court. The record does not reveal, nor is it contended, that any such notice was ever served by the attorneys, or the plaintiff in error upon the defendant in error or his attorneys. After the court had made its order on March 31, 1931, plaintiff in error filed a motion for rehearing. This motion was overruled as shown by the journal entry set forth in the case-made on April 16, 1931. On the back of said order overruling said motion for new trial appears the following indorsement:

"* * * Filed Seminole County, April 6, 1931, George C. Crump, District Judge."

However, it is the duty of the court clerk to indorse the filing of all papers properly presented to him for filing and entering the date of such filing upon the appearance docket, including the journal entries and orders of the court. Sections 866 and 867, C. O. S. 1921.

This order overruling said motion for new trial dated April 16, 1931, signed by the Honorable George C. Crump, district judge, contains the first and only reference in the record regarding the giving of intention to appeal to the Supreme Court. Even the minutes of the court clerk which have been improperly incorporated in the record are silent as to the giving of any notice of intention to appeal. It does not appear to be disputed that the record shows the overruling of the motion for new trial was entered on the appearance docket on April 16, 1931.

It is contended by plaintiff in error that the proceedings recited in said journal entry of April 16, 1931, occurred on April 1, 1931, instead of April 16, 1931. Counsel for plaintiff in error seek to impeach the record by his own affidavit and by the affidavit of the deputy court clerk.

The minutes of the court clerk constitute no part of the record, and cannot be made

so by having the same transcribed in the record. Bigpond v. Davis, 121 Okla. 44, 247 P. 676; Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067. Even though there be a conflict between the minutes of the court clerk and the trial court's journal entry as to the date of the proceedings of the trial court, the journal speaks the record, governs, and controls. Showalter v. Hampton, 122 Okla. 192, 253 P. 105.

The case-made, or the record of the district court, cannot be impeached, changed, altered, or contradicted by ex parte affidavits of the court clerk and his deputy. Perry v. Myers, 127 Okla. 27, 259 P. 556; Oklahoma Fire Ins. Co. v. Kimpel, 39 Okla. 339, 135 P. 6. Even conceding against the face of the record that the proceedings were had on April 1, 1931, in the overruling of the motion for new trial as contended by plaintiff in error, still, this would not bring plaintiff in error within the time within which to serve his case-made. The case-made was served on June 5, 1931. Two extensions of time were granted. If the order was made on April 1, 1931, as contended aforesaid, instead of April 16, 1931, the first 30 days' extension of time within which to serve said case-made would commence to run on April 1, 1931, and expire on May 1, 1931. On April 27, 1931, an additional and last extension of 30 days' time was granted. This time expired on May 31, 1931, being prior to the time the case-made was served on defendant in error. A case-made not served within the court is a nullity. Petty v. Foster, 122 Okla. 152, 252 P. 836; Lambert v. Monarch Cement Co., 141 Okla. 31, 285 P. 844; Holiday v. Poteet, 142 Okla. 250, 286 P. 782; Massad v. Heide, 161 Okla. 68, 17 P. (2d) 417, and cases cited therein.

Counsel for plaintiff in error urges that it was necessary to file a motion for new trial. We are not in accord with this contention. It was an unauthorized motion in the instant case. In the case of Powell v. Nichols, 26 Okla. 734, 110 P. 762, this court, in the first paragraph of the syllabus, said:

"The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order upon such hearing."

See, also, Crawford v. Shintaffer, 92 Okla. 22, 217 P. 867; Gin v. Knight, 106 Okla. 4, 232 P. 936.

From this record it is apparent that no notice of intention to appeal was given at the time the order for nunc pro tunc was made, or within ten days thereafter as provided by section 782, C. O. S. 1921. The filing of an unauthorized motion for a new trial does not extend this statutory time within which notice of intention to appeal must be given or the time within which a case-made must be served. Hill v. McCleery, 141 Okla. 205, 284 P. 646.

It is also apparent that the case-made was not served within 15 days after the making of said order nunc pro tunc or any valid order of the court extending time within said 15-day period as provided in section 785, C. O. S. 1921 [O. S. 1931, sec. 534]. The order of the court made on April 16, 1931, extending the time within which to make and serve said case-made, does not come within said 15-day statutory period and is a nullity and cannot be enlarged upon by orders extending said time made subsequent to the expiration of said 15-day period. Such subsequent orders are likewise nullities. A case-made not having been served within the time prescribed by law or by valid order of the trial court is a nullity, and brings nothing to this court to review.

This record is also certified to as a transcript. However, it contained no bill of exceptions. This court cannot consider evidence on appeal by transcript. Shaw v. Grumbine, 137 Okla. 95, 278 P. 311. Massad v. Heide, supra. No error appears from the record proper.

This court, in the case of Dixon v. Walters, 160 Okla. 172, 16 P. (2d) 571, said:

"This court has repeatedly held that motions in the trial court and rulings thereon are not properly a part of the record, and can be presented for review only by incorporating the same into bill of exceptions or by case-made; that, where appeal is by transcript and errors assigned such as can only be presented by case-made or bill of exceptions, nothing is presented for review. Honeyman v. Gallagher, 144 Okla. 148, 289 P. 748, and cases therein cited; Cooper v. Boyce, Treas., 137 Okla. 221, 279 P. 306; Kortman v. Mason, 136 Okla. 94, 276 P. 482; In re Estate of Cutchall, 131 Okla. 226, 268 P. 269."

Motion to dismiss appeal sustained. Appeal dismissed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.