**WILKINSON, Rec., et al. v. THOMAS et al.**

No. 26493.    Oct. 29, 1935.

Rehearing Denied Dec. 24, 1935.

Frank Settle, for plaintiffs in error.

Nowlin & Conner, for defendants in error.

PER CURIAM. This controversy arose by virtue of the action of the Attorney General on the request of the Governor of the State, the Honorable W. J. Holloway, to liquidate certain trust funds. The action was filed in the district court of Oklahoma county, and after a decision thereon the case was appealed to this court and we reversed and remanded the cause, with directions in an opinion by Mr. Justice Osborn filed in this court on the 11th day of September, 1934. Security Bank & Trust Co. v. Barnett, 169 Okla. 298, 36 P. (2d) 874. Thereafter M. M. Thomas appeared and filed a motion for the distribution of certain funds held by W. J. Barnett, Bank Commissioner, and the court set the same for hearing and heard the same on December 7, 1934, at which time the court entered its journal entry of judgment on the motion of M. M. Thomas. At that time the receiver for the Producers National Bank of Tulsa, Okla., appeared and a great deal of testimony was taken which is incorporated in the record of this cause. The order made by the court on the 7th day of December, 1934, is incorporated in a journal entry found in the case-made beginning at page 200, dated the 7th day of December, 1934, and recorded on the 8th day of December, 1934, as shown by the signature of the court clerk of Oklahoma county and appears to be recorded in Book 186, at page 537.

A motion to dismiss has been filed by the defendant in error for the reason that the cause was not filed within six months from the date of the rendition of the judgment or order of December 7, 1934.

It appears therefore that if this cause comes within the rule announced by many cases of this court, that where an order or judgment is made upon a contested question of fact not arising upon the pleadings but upon motion, the filing and determination of a motion for new trial serves no purpose to extend the time in which a case can be filed in this court, then the cause must be dismissed. Powell v. Nichols, 26 Okla. 734, 110 P. 762; In re Anderson's Guardianship, 161 Okla. 224, 18 P. (2d) 1073; Harjo v. Johnston, 162 Okla. 153, 19 P. (2d) 961. It becomes necessary therefore to examine the facts relative to the entering of the order of December 7, 1934, and the subsequent proceedings thereon. It is stated by the appellant that no judgment was entered by the court until the 12th day of January, 1935, at which time, although the court purports to overrule the motion for new trial, the court in effect rendered the only judgment of which the plaintiff in error had notice and that the appeal is from the judgment rendered on that date. It is stated that this must be true for the reason that on the 8th day of January, 1935, the defendant in error herein appeared and filed reply to the response of

the Producers National Bank, Tulsa, Okla., which indicates that no judgment had at that time been rendered.

The record does not bear out the statement of the plaintiff in error with relation thereto.

As stated above, the journal entry of judgment is dated December 7, 1934, and was filed in this court on the 8th day of December, 1934. The motion for new trial, which was filed December 10, 1934, states:

"Comes now the Producers National Bank, Tulsa, Okla., its directors and stockholders and move the court to vacate and set aside the judgment rendered herein on the 7th day of December, 1934, upon the motion of M. M. Thomas, for the allowance and payment of attorney fees to him. * * *"

Under the opinions of our court cited above and many others, it therefore conclusively appears from the record that judgment was entered upon motion of the defendant in error, and that said judgment was entered on the 7th day of December, 1934, and was acknowledged to have been so entered by the plaintiff in error herein. That is the fact that determines the jurisdiction of this court under the above decisions, and the fact that any pleading in the nature of a response that either party might think necessary was filed thereafter would serve no purpose to extend the jurisdictional power of this court. It is not contended that any order was thereafter made other than the order overruling motion for new trial from which the appeal was taken or notice of appeal given in open court.

It appearing therefore that the appeal was not taken within six months from the date of the rendition of the judgment, to wit, December 7, 1934, the cause must be dismissed, and it is so ordered.

McNEILL, C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur.