### DUNBAR v. PHILLIPS PETROLEUM CO.

No. 25607. Jan. 14, 1936.

Robinson & Jones and Quincy J. Jones, for plaintiff in error.

W. S. Meyer, for defendant in error.

PER CURIAM. Appeal by transcript is attempted. The appeal was not filed within six months from the date of the judgment complained of.

Section 547, O. S. 1931, provides:

"All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of."

The transcript filed discloses that the court of common pleas of Tulsa county first entered the judgment complained of on November 25, 1933, by journal entry of judgment filed November 29, 1933.

The transcript with petition in error was filed in this court on May 29, 1934.

Contained in the transcript are motion for new trial and motion for judgment on special findings and orders thereon. These instruments constitute no part of the judgment roll and cannot be brought to this court by transcript. Klob v. Hightower, 155 Okla. 1, 8 P. (2d) 23; Richardson v. Beidleman, 33 Okla. 463, 126 P. 818.

The record does not show that notice of appeal from the judgment entered on November 25, 1933, was at that time given. The only notice of appeal shown by the record was from the order overruling the motion for new trial and motion for judgment on special findings.

Jurisdictional questions, both as to the trial court and the appellate court, will be raised by the appellate court upon its own initiative, or sua sponte. Zahn v. Obert, 60 Okla. 118, 159 P. 298.

It is the duty of the court to examine into its jurisdiction, whether raised by any party or not. Howard v. Arkansas, 59 Okla. 206, 158 P. 437.

The judgment complained of having been rendered more than six months prior to the date upon which the petition in error was filed, this court has no jurisdiction to review such final order. In re Cutchall's Estate, 131 Okla. 226, 268 P. 269.

The appeal is dismissed.

The Supreme Court acknowledges the aid of Attorneys James C. Cheek and John F. Butler in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cheek and approved by Mr. Butler, the cause was assigned to a Justice of this court for examination and report to the court Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.