2002 OK 39

John H. MAHORNEY, Appellant,

v.

The Honorable Mark A. MOORE, District Court Judge, Blaine County, Appellee.

No. 96,726.

Supreme Court of Oklahoma.

May 14, 2002.

As Corrected July 8, 2002.

John H. Mahorney, pro se.

Hon. Mark A. Moore, pro se.

WINCHESTER, J.

¶ 1 The appellant, John H. Mahorney, a prisoner, filed four petitions in the district court against four different prison officials working at the Diamondback Correctional Facility, in which he is incarcerated. He alleged a constitutional right to smoke, and claimed that the correctional officers violated that right. When Mahorney petitioned for pauper status so that court costs would be waived, the trial court ordered certain information to verify his alleged status. After Mahorney provided the requested documents from the correctional facility concerning his trust account, the trial court issued an order for each case finding that Mahorney was receiving $24.00 per month payment during his incarceration, and that he was therefore able to pay a partial filing fee of $10.00 in each case. The court assessed those costs against him, and imposed a lien on his pay to secure the payment.

¶ 2 Mahorney filed one appeal with the intention that all four cases on the docket of the District Court of Blaine County, Causes CJ–01–69, 71, 72, and 73, be determined by that appeal. We must initially determine two procedural issues. First, we must determine whether the district court's orders are appealable. Second, we must decide whether Mahorney may use one appeal to decide four cases. The final issue to be resolved is whether the trial court's specific rulings regarding partial payment of filing fees exceeded the court's authority.

¶ 3 The district court ordered Mahorney to present documents to support his alleged pauper status.[1] That order suspended payment of fees and costs until "a final order is entered by this court determining the eligibility or ineligibility of plaintiff to proceed as a pauper." Title 28 O.S.2001, § 152(E) provides that until a final order is entered determining that the affiant is ineligible to litigate without payment of fees or costs, the clerk shall permit the affiant to litigate without payment of fees or costs.

¶ 4 This Court has appellate jurisdiction to review final orders, interlocutory orders appealable by right, and certified interlocutory orders. 12 O.S.2001, §§ 952, 953. The four orders being appealed were identi-

1. Title 12 O.S.2001, § 2003.1(D) provides: "In all cases in which the petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed in forma pauperis, in addition to the proof of poverty required by subsection C of Section 152 of Title 28 of the Oklahoma Statutes, the inmate shall submit a certificate executed by an authorized officer of the institution in which the inmate is confined stating the amount of money or securities on deposit to the inmate's credit in any account in the institution. The certificate may be considered by the court in acting on the motion for leave to proceed in forma pauperis. In the absence of exceptional circumstances, leave to proceed in forma pauperis may be denied if the value of the money and securities in petitioner's, movant's, or plaintiff's institutional account exceeds Two Hundred Dollars ($200.00)."

cal in substance. Each found that Mahorney was receiving $24.00 per month payment while incarcerated at the Diamondback Correctional Facility, and that he was able to pay $10.00 of the court costs for filing the petition in each of the respective cases, for a total amount of $40.00 in court costs. The court then assessed those costs against Mahorney and imposed what the court characterized as a lien on Mahorney's pay to secure the payment of the costs. The orders do not prevent Mahorney from proceeding with these four cases. They do not require Mahorney to wait until he accumulates $40.00. The orders require that the money be paid to the court clerk by the prison facility as Mahorney's pay becomes due. The four orders in the present case are not final orders because they do not conclude the litigation; they merely require the payment of partial filing fees.

 ¶ 5 Because the four orders have no effect on the continuation of the four district court cases, the orders are interlocutory judicial actions that are unreviewable in advance of judgment. *LCR, Inc. v. Linwood Properties*, 1996 OK 73, ¶ 16, 918 P.2d 1388, 1394. In addition, even if these four orders were treated as appealable, Mahorney improperly filed them as one appeal. Where separate judgments are rendered and the appellant attempts to appeal by filing one petition in error, the Court will dismiss the attempted appeal for duplicity. *Curtis v. Mason & Hopkins*, 1932 OK 145, ¶ 11, 8 P.2d 747, 749.

 ¶ 6 Although these cases are not appealable, and this Court may properly dismiss them, they do present the issue of the constitutional right of access to the courts. The finding that an order is not appealable does not necessarily preclude review. We look to the content and substance of an instrument filed in this Court rather than its title. *First Nat. Bank and Trust Co. of Ada v. Arles*, 1991 OK 78, ¶ 5, 816 P.2d 537, 539. This Court has addressed the issue of whether a prisoner's savings and draw accounts are subject to assessment for filing fees in court cases. *Foust v. Pearman*, 1992 OK 135, 850 P.2d 1047. That case came before this Court when the prisoner sought writs of prohibition and mandamus by an original action to per-

mit him to file his suit in forma pauperis. Accordingly, we recast this cause as an original proceeding for a prerogative writ.

¶ 7 *Foust* also held that in the exercise of a court's discretion when determining a proper partial filing fee, a court may consider present account balances of the prisoner, monthly income, other assets, and whether any funds are withdrawn to avoid payment of a statutory fee or partial fee. *Foust*, 1992 OK 135, ¶ 8, 850 P.2d at 1049–1050. This Court issued writs of mandamus and prohibition in *Foust* to the district court forbidding the assessment of a filing fee equal to all of the prisoner's funds. *Foust*, 1992 OK 135, ¶ 9, 850 P.2d at 1050.

 ¶ 8 Mahorney contends that the trial court must either grant or deny eligibility to proceed with no costs. The exhibits attached by Mahorney indicated that as of June 7, 2001, Mahorney had a balance of $0.01 in his Trust Account # 1. The trial court's response to Mahorney's "Petition in Error" advises that Mahorney has filed twelve other actions in the District Court of Blaine County, and that the court's order required Mahorney to pay less than one-eighth of the court costs of the four cases now before this Court. We have previously held that the district courts have the authority to require partial payment. *Foust*, 1992 OK 135, ¶ 6, 850 P.2d at 1049. *Foust* did not limit the trial court to whatever amount is in the prisoner's trust account at the time of filing. Because the trial court can examine present account balances of the prisoner, monthly income, other assets, and whether any funds are withdrawn to avoid payment of a statutory fee or partial fee, leaves an implication that the trial court may assess future balances until the partial fees are paid. Requiring partial payment was a response to a flood of pro se claims by prisoners. The partial payment would require a prisoner to weigh the validity of a lawsuit against the cost of pursuing it. *Cumbey v. State*, 1985 OK 36, ¶ 5, 699 P.2d 1094, 1096.

 ¶ 9 The general rule for a prerogative writ to issue is that the party seeking the writ must have a clear legal right to the relief sought and the respondent must have a plain legal duty in which the exercise of

discretion is not implicated; and it may be issued only in situations where there is no plain and adequate remedy in the ordinary course of the law. *Oklahoma Gas & Electric v. District Court,* 1989 OK 158, ¶ 8, 784 P.2d 61, 63. The amount of the partial filing fee is within the discretion of the trial court. The clear legal duty is that the court may not order a partial filing fee equal to all of Mahorney's funds. Accordingly, the trial court has the authority to order that Mahorney pay partial filing fees and to make such further orders as necessary to collect those fees.[2] However, the court does not have the authority to order payment of a partial filing fee in any month that will completely deplete Mahorney's account.

¶ 10 We issue the writs of mandamus and prohibition to the extent that the district court shall not require a filing fee equal to all of Mahorney's funds. The district court shall determine the amount of the filing fee consistent with the guidelines found in *Foust* and the instructions in this opinion. That court shall also allow Mahorney an opportunity to object to the filing fee as so determined.

## WRITS OF PROHIBITION AND MANDAMUS GRANTED IN PART AND DENIED IN PART, WITH INSTRUCTIONS.

**2.** Although there is no specific statutory authority for describing the trial court's orders as liens on Mahorney's account, a court has the inherent authority to issue orders to assure compliance with a previous order of the court.

**1.** Title 28 O.S.1991 § 152 provides in pertinent part:

"... C. In any case where the litigant claims he has a just cause of action, and that, by reason of poverty, he is unable to pay the fees and costs provided for in this section and financially unable to employ counsel, upon the filing of an affidavit in forma pauperis executed before any officer authorized by law to administer oaths by such litigant in such action to that effect and upon satisfactory showing to the court that said litigant has no means and is, therefore, unable to pay the applicable fees and costs to employ counsel, no fees or costs shall be required.... In all such cases, the court shall promptly set for hearing the determination of the eligibility of the original affiant to litigate without payment of fees or costs...."

The statute was amended in 1997, 2000 and 2001. The current version of the pertinent portions of the statute remain substantially unchanged.

CONCUR: HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, SUMMERS, BOUDREAU, JJ.

DISSENT: OPALA, J. (JOINS KAUGER, J.) KAUGER, J. (BY SEPARATE WRITING).

KAUGER, J., dissenting:

¶ 1 In *Foust v. Pearman,* 1992 OK 135, 850 P.2d 1047, the Court addressed the issue of whether district courts could deplete a prisoner's funds to require payment of a filing fee when the prisoner files a pauper's affidavit. The Court determined that district courts are authorized to require partial payment of filing fees by prisoners, but not their "last dollar." The authority for the Court's decision came from 28 O.S.1991 § 152[1] which allows the trial court to waive fees if a person is unable to pay, and 57 O.S.1991 § 565[2] which allows the trial court to consider the amount of funds an inmate has on deposit with the Department of Corrections.

¶ 2 Three years later, in an apparent reaction to *Foust,* the Legislature enacted 12 O.S. Supp.1995 § 2003.1[3] which provides that an application to proceed *in forma pauperis*

**2.** Title 57 O.S.1991 § 565 provides:

"In determining whether or not an inmate shall be allowed to use an affidavit in forma pauperis, the court shall consider the amount of funds an inmate has on deposit with the Department of Corrections."

**3.** Title 12 O.S. Supp.1995 § 2003.1 was enacted in 1995 and it provides in pertinent part:

"... C. In all cases in which the petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed in forma pauperis, in addition to the proof of poverty required by subsection C of Section 152 of Title 28 of the Oklahoma Statutes, the inmate shall submit a certificate executed by an authorized officer of the institution in which the inmate is confined by stating the amount of money or securities on deposit to the inmate's credit in any account in the institution. The certificate may be considered by the court in acting on the motion for leave to proceed in forma pauperis. In the absence of exceptional circumstances, leave to proceed in forma pauperis may be denied if the value of the money and securities in petitioner's, movant's, or plaintiff's institutional account exceeds Two Hundred Dollars ($200.00)."

may be denied if the value of the prisoner's money exceeds $200.00. Noticeably absent from the statute is any explicit authority for the trial court to assess a partial payment if the value of the money is less than $200.00.

¶3 The Legislature is presumed to be familiar with extant judicial construction of statutes.[4] Legislative silence, when the legislature has the authority to speak, may be considered as an understanding of legislative intent.[5] Section 2003.1 was enacted after *Foust,* and had the Legislature intended for the district courts to assess partial fees to a prisoner who had holdings of less than $200.00 it could have done so, but it declined. Accordingly, the statute implicitly waives the fee requirement for prisoners whose holdings are less than $200.00.

The current version remains unchanged.

4. *Sudbury v. Deterding,* 2001 OK 10, ¶16, 19 P.3d 856, *Special Indemnity Fund v. Figgins,* 1992 OK 59, ¶14, 831 P.2d 1379.

5. *Owings v. Pool Well Service,* 1992 OK 159, ¶8, 843 P.2d 380.