STATE of Oklahoma ex rel. Velma L. Mc-
CALISTER and Earleen Sim-
mons, Relators,

v.

Raymond W. GRAHAM, Presiding Adminis-
trative Judge, 14th Judicial District, Tulsa
County, Oklahoma and Don E. Austin,
Court Clerk, 14th Judicial District, Tulsa
County, Oklahoma, Respondents.

No. 47979.

Supreme Court of Oklahoma.

Feb. 11, 1975.

William T. Drapala, Tulsa, for relators.

S. M. Fallis, Jr., Dist. Atty., Andrew B.
Allen, Asst. Dist. Atty., Tulsa, for respond-
ents.

BERRY, Justice:

Relators request this Court permit them
to file original action herein in forma pau-
peris. In the action relators request this
Court assume original jurisdiction and is-
sue writ of mandamus directing respond-
ents to allow relators to file divorce peti-
tions in action below without payment of

fees specified in 28 O.S.1971, § 152, and without prior hearing by judge concerning relators' ability to pay such fees. Relators' application to file action herein in forma pauperis is granted.

Relators sought to file divorce petitions with court clerk of the district court without payment of fees specified in § 152, supra.

Each divorce petition contained an affidavit wherein the relator swore the cause of action set forth in the petition was just and that by reason of poverty the relator was unable to give security for costs.

Section 152 provides in part:

"In civil action filed in District Court after the effective date of this Act, the court clerk shall be required to collect, at the time of filing, the following flat fees, none of which shall ever be refundable * * * except that in any case where the litigant claims he has a just cause of action, and that, by reason of poverty, he is unable to pay the fees and costs provided for in this Act, upon the filing of an affidavit in forma pauperis executed before any officer authorized by law to administer oaths by such litigant in such action to that effect no fees or costs shall be required; however, the opposing party or parties may in any event file with the court clerk of the court having jurisdiction of the cause an affidavit similarly executed contradicting the allegation of such poverty, and, upon the filing of such counter affidavit, the judge of such court shall promptly set for hearing the determination of the eligibility of the original affiant to litigate without payment of fees or costs, but until a final order determining the ineligibility of such affiant has been entered, the clerk shall permit such affiant to litigate without payment for fees or costs. Any litigant executing a false affidavit * * * hereunder shall be guilty of perjury; * * *"

The court clerk refused to accept relators divorce petitions for filing without payment of fees required by § 152, supra.

In so doing the court clerk apparently relied upon District Court Rule 21 of the 14th Judicial District which provides:

"Before a petition, cross-petition, or final order is accepted for filing in any case on a pauper's affidavit, the litigant so proceeding, unless excused by the Court, shall appear in person before the Court and under oath support a condition of proverty not permitting payment of costs or making cost bond and be otherwise examined in such connection."

Relators contend § 152 is precise in stating the requirements to filing litigation in forma pauperis and only requires a party to file " * * * an affidavit in forma pauperis executed before any officer authorized by law to administer oaths * * *".

They contend their petitions contain affidavits which bring them within the statutory exception and therefore the express provisions of § 152 require the court clerk to accept their petitions for filing without payment of costs required by § 152.

They contend Rule 21, supra, conflicts with the statute in that it prohibits the court clerk from accepting their petitions until relators have complied with the provisions of the rule. For this reason they contend the rule is void, and request a writ of mandamus directing the court clerk to allow them to file their petitions without payment of costs and without complying with the rule.

They further contend the language of the statute indicates the only person who can challenge the affidavit of indigency is the opposing party, and that § 152 expressly recognizes that the state may protect itself from misuse of affidavits through perjury prosecutions.

Respondents recognize that in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113, the United States Supreme Court held indigents have a constitutional right to proceed in divorce actions without payment of court fees.

However, they contend Rule 21 is constitutional because all persons who qualify as

indigents will be permitted to file divorce actions in forma pauperis.

They further contend Rule 21 does not conflict with § 152, supra. In this regard they contend the primary purpose of § 152 is to require payment of court fees at the time actions are filed subject to an exception for persons who are unable to pay such fees. They contend most divorce cases are uncontested and therefore the other party will not challenge the status of the plaintiff to maintain the action in forma pauperis. They therefore contend the statute should be construed so as to allow the court by rule, or by its own motion, to challenge the poverty status of a party. They contend the rule merely implements the statute by requiring a hearing at which eligibility of the prospective litigants to proceed without costs is determined.

■ Section 152, supra, requires the court clerk to collect the required fees at the time the action is filed except in cases where a proper affidavit is filed "no fees or costs shall be required."

We construe this to mean that in cases where a proper affidavit is filed the court clerk must allow a petition to be filed without payment of court fees specified in § 152. Therefore, we conclude the writ of mandamus should be granted directing the court clerk to permit relators to file their petitions without payment of fees.

■■ However, this does not mean the court may not subsequently question relators' indigency.

Section 152 provides the opposing party may challenge an affidavit of poverty. However, it contains no provision which expressly prohibits the trial court from challenging a party's right to proceed without payment of fees.

The purpose of § 152 is to specify the amount of court fees to be assessed in civil actions and to provide for collection of such fees. The statute then provides an exception for persons who have a just cause of action and are unable to pay such fees by reason of poverty.

In many cases, especially divorce cases, the opposing party may not appear for trial. In others the opposing party may not desire to challenge the affidavit of poverty.

If we construe the statute to mean the court has no authority to challenge affidavits for poverty in such circumstances, no challenge will be made. This would tend to defeat the purpose of § 152, supra, in that a party might be permitted to litigate his case without payment of fees even though the party is able to pay such fees.

In State ex rel. Otjen v. Mayhue, Okl., 476 P.2d 317, we held in paragraph 1 of the syllabus:

"Construction of a statute should be reasonable in order that legislative intention in adoption of such statute will be given expression and the object and purpose intended will be accomplished."

We conclude that when an action is filed without payment of fees, the court may, on its own motion, inquire into the party's ability to pay fees, specified in § 152. If the court then determines the party is not entitled to maintain the action without payment of fees, the court may order the action dismissed unless the party pays the fee at that time.

Jurisdiction assumed. Writ of mandamus granted.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BARNES, SIMMS and DOOLIN, JJ., concur.

LAVENDER, J., concurs in part, dissents in part.

LAVENDER, Justice (concurring in part and dissenting in part):

I concur with that portion of the opinion which holds the relators are entitled to have their proceeding filed upon compliance with 28 O.S.1971 § 152.

I dissent to that part of the opinion which upholds the local trial court rule to the effect that one who has complied in full with the statute may also be required

to appear before the trial court and testify concerning the matters contained in his affidavit. This latter, in my opinion, is an additional condition or burden upon the relators' right to proceed in the trial court which is not authorized by the statute.