**Donald T. TRINEN, Plaintiff–Appellant,**

v.

**Dan DIAMOND, Robert Crew, Karen Metzger, Denver County Judges; Kenneth Goodman, Denver County Court Administrator and Clerk, and The City and County of Denver, Defendants–Appellees.**

No. 78–798.

Colorado Court of Appeals,
Div. I.

May 29, 1980.
Rehearing Denied July 10, 1980.

Donald T. Trinen, pro se.

Max P. Zall, City Atty., Lee G. Rallis, Larry L. Bohning, Asst. City Attys., Denver, for defendants–appellees.

COYTE, Judge.

Plaintiff appeals the district court order denying the relief sought by plaintiff in three separate C.R.C.P. 106 petitions which were consolidated into one case by the district court. We reverse.

Plaintiff had acquired 6 parking violation tickets within the City and County of Denver and appeared before three different Denver Municipal Court judges on these summons and complaints. After entering pleas of not guilty, plaintiff duly filed jury demands accompanied by motions to waive the jury fees and financial affidavits. These motions were either denied or not heard by the county court judges for various reasons and plaintiff filed the C.R.C.P. 106 petitions seeking relief in the nature of prohibition. The district court, after hearing, dismissed the consolidated complaint because: "the maximum possible penalty for each of the parking tickets involved in these cases would be a fine of $5.00 and plaintiff would not be entitled to a trial by jury on these parking offenses regardless of his ability to pay the jury fee." We disagree.

In § 16–10–109, C.R.S. 1973 (1978 Repl. Vol. 8), the right to trial by jury is extended to those accused of a "petty offense" with that term being defined as follows:

"[A]ny crime or offense classified as a petty offense or, if not so classified, which is punishable by imprisonment other than in the state penitentiary for not more than six months, or by a fine of not more than five hundred dollars, or by both such imprisonment and fine, and includes any violation of *a municipal ordinance* or offense which was not considered a crime at common law." (emphasis added)

In *Hardamon v. Municipal Court,* 178 Colo. 271, 497 P.2d 1000 (1972), the court construed the substantially similar predecessor statute to § 16–10–109, C.R.S. 1973 (1978 Repl.Vol. 8) as providing the right to a jury trial in cases involving traffic offenses notwithstanding a home rule city's municipal code provision to the contrary. There, the court assumed that a traffic offense constituted a "petty offense".

Here, plaintiff is charged with violations of the Denver Municipal Code pertaining to overtime parking and the maximum possible punishment for each violation is a $5.00 fine. Thus, under *Hardamon v. Municipal Court, supra,* and § 16–10–109, C.R.S. 1973 (1978 Repl.Vol. 8), plaintiff is entitled to jury trials on these matters.

The district court erred in failing to address the issue of whether plaintiff was entitled to waivers of the statutory jury fee; however, the issue is now moot.

The right to proceed *in forma pauperis* derives from the status of indigency and is not a continuing right. *See State ex rel. McCalister v. Graham,* 531 P.2d 1367 (Okl.1975). Here, on February 20, 1980, pursuant to a stipulation entered into by plaintiff, the district court found that plaintiff's indigency ended as of September 29, 1978. Since plaintiff is no longer entitled to proceed *in forma pauperis,* his status at the time of the original municipal court

denials of his waiver motions is not relevant.

The judgment is reversed and the cause is remanded to the district court with directions to remand to the three county courts to grant plaintiff's request for jury trials upon remittance of the statutory fee.

SMITH and KELLY, JJ., concur.

