TWASHAKARRIS, INC. a/k/a English Language Center; James E. Stewart, President and Director, Plaintiffs–Appellants,

v.

IMMIGRATION AND NATURALIZATION SERVICE OF the UNITED STATES of America; James M. Woods, District Office, Dallas; Ralph Translavina, Supervisory Examiner, San Antonio; The Estate of Robert Church, Immigration Official, Oklahoma City, Oklahoma; Alfredo Arizola, Enforcement Officer, INS, New Orleans, Louisiana; William J. Chambers, District Director, retired, Dallas, Texas, Defendants–Appellees.

No. 89–6114.

United States Court of Appeals, Tenth Circuit.

Nov. 22, 1989.

Jami L. Stewart, Oklahoma City, Okl., for plaintiffs-appellants.

Robert E. Mydans, Interim U.S. Atty., and Robert A. Bradford, Asst. U.S. Atty., W.D. Okl., Oklahoma City, Okl., for defendants-appellees.

Before McKAY, SEYMOUR and TACHA, Circuit Judges.

---

McKAY, Circuit Judge.

Plaintiffs' first lawsuit was dismissed without prejudice by the district court on January 10, 1985, because the complaint was filed by the president of the corporation who was not licensed to practice law. The order of dismissal dismissed "[t]his case and any and all causes of action attempted to be filed." Plaintiffs filed a Motion to Amend under Federal Rule of Civil Procedure 52(b) and a Motion for Relief from Judgment under Federal Rule Civil Procedure 60(b) on March 11, 1985. The district court denied these motions on April 18, 1985. Rather than filing a new complaint while represented by counsel, plaintiffs appealed the district court's denial of its combined motions on June 14, 1985. This court affirmed on March 13, 1986. On February 19, 1987, plaintiffs' counsel refiled their complaint in the district court.

The district court dismissed plaintiffs' second complaint in two separate orders. On January 30, 1989, the district court dismissed any claims based on actions that occurred before 1984, because the statute of limitations had run. The court also ordered the plaintiffs to amend their complaint to delete the dismissed causes of action. On March 29, 1989, the district court dismissed the remaining causes of action in the complaint because of plaintiffs' failure to amend their complaint as ordered. Plaintiffs now appeal the district court's January 30, 1989, order. We now address the question of whether plaintiffs' February 19, 1987 complaint was timely filed.

The parties essentially agree that the statute of limitations expired prior to February 19, 1987, for plaintiffs' claims based on pre–1984 actions. However, 12 Okla. Stat.Ann. § 100 (West 1988) allows a plaintiff who fails otherwise than upon the merits in an action that is timely commenced to commence a new action within one year after the failure, although the time limit for commencing the action has expired.

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Since plaintiffs' initial pro se complaint was timely filed, plaintiffs are allowed one year after the "failure" otherwise than upon the merits to commence a new action. The parties disagree, however, as to when this one-year period begins to run.

Section 100 provides for an additional year to commence an action in two instances: (1) when a judgment for the plaintiff is reversed, and (2) if the plaintiff fails in an action otherwise than on the merits. The first rule does not apply to this case. There was no judgment for the plaintiffs. But, this clause does indicate that the one-year period does not begin until after reversal on appeal. This point helps to inform our thinking about the second clause which does apply to this case.

 Under the second clause, a plaintiff is given another year to refile his complaint if he fails in a timely filed "action" otherwise than on the merits. The key to understanding this phrase is the word "action." We hold that an "action" includes the initial judgment and any validly filed appeals that suspend the finality of the judgment. Thus, if a plaintiff's case were dismissed otherwise than on the merits and the plaintiff filed a timely appeal or a timely motion that tolled the time required for appeal, the plaintiff would be given an additional year from the time the appeal or motion was adjudicated in which to refile a complaint. Under these circumstances, the "action" would continue until the appeal was resolved. This interpretation compliments the first clause of the statute which does not take effect until after an appeal. However, the appeal or the motions tolling the time for the appeal must be valid. In this case, the plaintiffs' only tolling motion was not timely filed, and their other motion did not suspend the judgment. As such, the "action" was not continuing and the

plaintiffs had one year from the failure of the action (the dismissal) to refile a complaint. Plaintiffs' February 19, 1987 complaint was filed more than one year after the January 10, 1985 dismissal. Thus, plaintiffs' complaint must be dismissed as untimely.

Federal Rules of Appellate Procedure 4 requires notice of appeal to be filed within sixty days after the entry of the judgment or order appealed from where the United States or an officer or agency thereof is a party. Plaintiffs never directly appealed the January 10, 1985 order dismissing this case. Thus, no direct appeal was ever entered to stay the effect of the January 10, 1985 dismissal.

Plaintiffs did file two motions within the sixty-day notice of appeal period, but the only motion which would toll the judgment (the Rule 52(b) motion) was not timely filed. Federal Rule of Civil Procedure 52(b) allows parties to make a motion to the district court to amend its findings and amend the judgment accordingly. Federal Rule of Appellate Procedure 4(a)(4) provides that a timely Rule 52(b) motion tolls the time for appeal until the motion is disposed of. However, Rule 52(b) requires that a motion to amend be made not later than ten days after entry of judgment. Here, plaintiffs' motion to amend was not made until March 11, 1985, more than ten days after the January 10, 1985 judgment. In addition, this court has previously noted that this motion was entirely inappropriate under the facts of this case. *Twashakarris v. INS*, No. 85–1913, Order and Judgment at 3 n. 2 (10th Cir. Mar. 13, 1986). Because the plaintiffs' Rule 52(b) motion was not timely filed and was inappropriate, plaintiffs' appeal of the denial of this motion was invalid and could not serve to extend the one-year savings period.

The plaintiffs' other motion filed on March 11, 1985 was for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) requires this motion to be made within one year of judgment. Thus, this motion was timely. However, Rule 60(b) specifically states that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." The advisory committee notes state: "Application to the court under this subdivision does not extend the time for an appeal." Thus, plaintiffs' Rule 60(b) motion did not toll the time for appeal or change the finality of the January 10, 1985 judgment. Therefore, the appeal of the district court's denial of this motion did not toll the running of the Oklahoma savings statute, although the appeal itself was valid. The appeal had no impact on the finality of the judgment, and thus the "action" was not continuing.

Our resolution of this appeal makes irrelevant the parties' argument over whether the January 10, 1985 judgment was with or without prejudice. Because there was no valid appeal from that judgment (even if it was with prejudice) or from a valid tolling motion, the failed "action" did not continue and the Oklahoma savings statute was not tolled. Plaintiffs argue that the district court's order was with prejudice because it dismissed "this case and all causes of action to be filed." We note, however, that the district court's order did not preclude plaintiffs from filing a new complaint after securing counsel. Accurately cited and in context, the district court's order simply dismissed all causes of action *attempted* to be filed by the president of Twashakarris, who was not a member of the bar. Plaintiffs' brief continually misquotes this order by leaving out the word "attempted." However, the word "attempted" makes the intent of the order clear. The district judge dismissed only "this case and any and all causes of action attempted to be filed." The district court's order referred only to prior actions already attempted and had no effect on plaintiffs' future filings by counsel.

Plaintiffs' post–1983 causes of action were dismissed on March 29, 1989 for failure to amend the plaintiffs' complaint as ordered by the district court. This order has not been appealed to us.

While we are not without sympathy for the plaintiffs who must suffer as a result of the error in not refiling a complaint before the statute of limitations ran, we

must affirm the result reached in the district court's order of January 30, 1989.

AFFIRMED.