2006 OK 25

**Robert COTNER, Petitioner,**

v.

**The Honorable Douglas W. GOLDEN and Creek County, Respondents.**

**No. 102,578.**

Supreme Court of Oklahoma.

April 25, 2006.

---

¶ 0 ORDER ISSUING WRIT
OF MANDAMUS WITH
DIRECTIONS

¶ 1 Petitioner is a prisoner in the custody of the Oklahoma Department of Corrections. He mailed to the District Court Clerk of Creek County a petition and an *in forma pauperis* affidavit.  The petition and affidavit

were not filed. The affidavit was returned to Petitioner with a notation "Denied" with the date and signature of the District Judge. Petitioner seeks a writ compelling the clerk to file his petition and that he be allowed to proceed without payment of costs. We agree that his petition and affidavit should be filed in the District Court. However, his status to proceed without payment of costs and fees must be determined by the trial court after his petition and affidavit are filed.

¶ 2 We assume original jurisdiction. Okla. Const. Art. 7 § 4. An order adjudicating a prisoner's status to proceed without payment of costs is an interlocutory order when it allows the prisoner to proceed with the action in the trial court. *Smith v. Moore,* 2002 OK 49, ¶ 2, 50 P.3d 215, 216–217; *Mahorney v. Moore,* 2002 OK 39, ¶¶ 4–5, 50 P.3d 1128, 1130. When the action is allowed to proceed, in whole or part, the trial court's order is not subject to an interlocutory appeal. 57 O.S.Supp.2004 § 566.3(C).

¶ 3 When a trial court denies *in forma pauperis* status and the order acts as an end-of-the-line disposition of the action, the order satisfies the test of finality for the purpose of an appeal. *Conterez v. O'Donnell,* 2002 OK 67, ¶ 8, 58 P.3d 759, 762; *Hammonds v. Osteopathic Hosp. Founders Ass'n,* 1996 OK 54, ¶¶ 3–4, 917 P.2d 6, 7. See 28 O.S.Supp.2004 § 152(F), (describing an order determining ineligibility for *in forma pauperis* status as a "final order"). Cotner's ability to resubmit his petition with a filing fee to the clerk does not make the trial court's order something less than an appealable order. *Martin v. Johnson,* 1998 OK 127, ¶ 17, 975 P.2d 889, 893.

¶ 4 The order of the District Court is an appealable order. However, none of Petitioner's tendered documents were filed in the District Court. In an appeal this Court does not presume error and an appeal without a record certified by the clerk of the lower tribunal gives this Court nothing to review for alleged error. *Fleck v. Fleck,* 2004 OK 39, ¶ 12, 99 P.3d 238, 240–241; *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496. The absence of a record makes the remedy of an appeal inadequate to review the District Court's decision.

¶ 5 We have required a clerk to file a tendered pauper's affidavit prior to judicial inquiry as to its sufficiency. *State ex rel. McCalister v. Graham,* 1975 OK 17, 531 P.2d 1367, 1368–1369; *Foust v. Pearman,* 1992 OK 135, 850 P.2d 1047, 1048. A clerk of a District Court is required to file together and carefully preserve in the clerk's office, all papers delivered to the clerk for that purpose except for sham legal process. 12 O.S.2001 § 29. The affidavit *in forma pauperis* is filed and "upon filing" an opposing party may contest that claimed status. 28 O.S.Supp. 2004 § 152(F). After an affidavit "has been filed" a court shall "dismiss the action in whole or in part upon a finding that the allegation of poverty is false." 57 O.S.Supp. 2004 § 566.3(C). When a court determines that a prisoner's filing, a pauper's affidavit for example, is noncomplying with applicable law, "it shall be returned" to the prisoner with a copy of the statute and a statement of the reason for its return. 12 O.S.Supp.2004 § 2003.1(D). This section does not excuse a clerk from filing and preserving a noncomplying pauper's affidavit on the docket of the court.

¶ 6 Petitioner does not possess a liberty or property interest in obtaining status as a pauper. *Mehdipour,* 2004 OK 19, at ¶ 16, 90 P.3d at 553. However, Petitioner's chose in action is a type of intangible personal property. *Norman v. Trison Development Corp.,* 1992 OK 67, n. 25, 832 P.2d 6, 11; *Shebester v. Triple Crown Insurers,* 1992 OK 20, 826 P.2d 603, 608; *Ross v. Kelsey Hayes, Inc.,* 1991 OK 83, 825 P.2d 1273, 1278. That property interest is protected by the Due Process Clause of the 14th Amendment so that he must be given an opportunity to create a record sufficient to permit meaningful appellate review of a trial court order that acts as an end-of-the-line disposition of it. *Tulsa Professional Collection Serv., Inc. v. Pope,* 485 U.S. 478, 485, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Towne v. Hubbard,* 2000 OK 30, ¶ 13, 3 P.3d 154, 160. *In re Guardianship of Deere,* 1985 OK 86, 708 P.2d 1123, 1126; *State v. One Thousand Two Hundred Sixty–Seven Dollars,* 2006 OK 15, n. 37, 131 P.3d 116. No exercise of judicial discretion

by a District Court in a civil case at law and in equity is beyond this Court's constitutionally vested appellate jurisdiction, and a party must be afforded an opportunity for appellate review of that exercise. *Wells v. Shriver*, 1921 OK 122, 197 P. 460, 478–479. An off-the-docket or off-the-record adjudication of pauper's status that precludes a tendered action from proceeding, and at the same time thwarts an appeal of the decision by a failure to create a district court record, denies a party a constitutionally protected procedural right.

¶ 7 When sham process is not filed a procedure for judicial review is provided. 12 O.S. 2001 § 29. Judicial review of a final order pursuant to 12 O.S.Supp.2004 § 2003.1 that adjudicates *in forma pauperis* status is by an appeal to this Court. While a copy of the noncomplying affidavit shall be returned to the prisoner, 12 O.S.Supp.2004 § 2003.1(D), the original petition and affidavit must be preserved by the clerk for the purpose of creating a record for judicial review.

¶ 8 When a prisoner has had three or more actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, then a District Court may require that prisoner to prepay filing fees; and the matter arising out of a civil case, original action, or on appeal, may not proceed unless the prisoner is under immediate danger of serious physical injury. 57 O.S.2001 § 566.2. The Administrative Office of the Court maintains the Oklahoma Registry of Frivolous or Malicious Appeals and the Registry is posted on the Oklahoma Supreme Court Network World Wide Web site, http://www.oscn.net.

¶ 9 The orders published at *Cotner v. Creek County Dist. Court*, 1996 OK CR 3, 911 P.2d 1215 and *Cotner v. Boone*, 530 U.S. 1271, 120 S.Ct. 2762, 147 L.Ed.2d 1002 (2000), do not state that specific proceedings were dismissed as frivolous, malicious, or failed to state a claim upon which relief may be granted. They do not satisfy applying § 566.2, and we need not address whether Cotner's conduct prior to the effective date of § 566.2 may be considered when applying that statute.

¶ 10 A court may take judicial notice of its own records, but it usually does not take judicial notice of records in other courts. *Robinson v. Texhoma Limestone, Inc.*, 2004 OK 50, ¶ 13, 100 P.3d 673, 677; *Myers v. Lashley*, 2002 OK 14, n. 8, 44 P.3d 553, 556. The District Court may take judicial notice of any civil actions filed by Petitioner in that court that satisfy the requirements of § 566.2. The fact that a "Robert Cotner" and a "Robert E. Cotner" are listed in the Oklahoma Registry of Frivolous or Malicious Appeals is a fact of which a court may take judicial notice *sua sponte*. 12 O.S. § 2202(B)(2). *See* 1 Leo H. Whinery, *Oklahoma Evidence, Commentary on the Law of Evidence*, 107, § 6.15 (2nd ed.2000). *Sua sponte* inquiries by a court should allow affected parties to respond to issues raised by a court. *Conterez v. O'Donnell*, 2002 OK 67, n. 5, 58 P.3d 759, 761. When this Court takes judicial notice of its records or the Registry as a basis for denying a pauper's affidavit it may issue a show cause order to the prisoner. If the District Court takes judicial notice of its records or the Registry as a basis for denying a pauper's affidavit it must provide Petitioner with an opportunity to respond, by show cause order or otherwise, and present facts and argument before the court's adjudication of *in forma pauperis* status. *Conterez v. O'Donnell, supra.*

¶ 11 A writ of mandamus is issued and the Clerk of the District Court of Creek County shall accept for filing Petitioner's petition for a civil action when accompanied with either the filing fees and costs required by law or when accompanied by an affidavit *in forma pauperis*. 12 O.S.2001 § 29; 28 O.S.Supp. 2004 § 152(F); *Tulsa Professional Collection Serv., Inc. v. Pope, supra.*

¶ 12 Nothing in this order limits the right of Petitioner's opposing parties to object to Petitioner's *in forma pauperis* affidavit filed in that court. 28 O.S.Supp.2004 § 152(F). *See, e.g., Mehdipour v. State ex rel. Dept. of Corrections*, 2004 OK 19, 90 P.3d 546 (motion for summary judgment on *in forma pauperis* status was granted and resulted in a dismissal of the action that was affirmed on appeal).

¶ 13 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE.

¶ 14 WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ., concur.

¶ 15 WATT, C.J., disqualified.