DOPP v. KIRKENDALL

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:DOPP v. KIRKENDALL

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

DOPP v. KIRKENDALL2021 OK 52Case Number: 118412Decided: 10/19/2021THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 52, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

RICHARD LYNN DOPP, Petitioner/Appellant,
v.
DON KIRKENDALL and CHARLES KIRKENDALL, Defendants/Appellees,
and
JAMIE GLASS, Defendant.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION III

¶0 Certiorari is granted for a second time to review the opinion of the Oklahoma Court of Civil Appeals, Division III. The Appellant appeals the orders of the trial court dismissing the refiling of his petition pursuant to 12 O.S. 2011, § 100, and his motion to reconsider the order of dismissal. The Appellant is an inmate and his name appears on the Oklahoma Registry of Frivolous or Malicious Appeals three or more times. The trial court dismissed without prejudice his first case because he had not prepaid the required filing fees pursuant to 57 O.S. 2011, § 566.2. The Appellant filed a motion to reconsider within ten days of that order, which the trial court denied. He appealed those orders to this Court and we dismissed his appeal for failure to pay the required appellate cost deposit pursuant to 57 O.S. 2011, § 566.2 after we ordered him to pay it. Appellant refiled his petition. The trial court dismissed the petition as being untimely, finding that he did not file it within one year of the date of the order dismissing his first case. The trial court determined that his motion to reconsider was void ab initio pursuant to § 566.2. The Oklahoma Court of Civil Appeals affirmed, finding that only a validly filed appeal would extend the time to refile a petition pursuant to § 100 and the Appellant's first appeal was not valid. We vacate the opinion of the Oklahoma Court of Civil Appeals, reverse the trial court, and remand for further proceedings. We hold the Appellant's first appeal was valid and the one-year period to refile began to run the day after the first appeal was final.

COURT OF CIVIL APPEALS' OPINION VACATED; ORDERS OF THE
TRIAL COURT REVERSED AND REMANDED FOR FURTHER
PROCEEDINGS

Richard Lynn Dopp, Quapaw, Oklahoma, Pro Se/Appellant.

No entry of appearance has been filed in this appeal by or on behalf of the Defendants/Appellees.

COMBS, J.:

I. FACTS AND PROCEDURAL HISTORY

¶1 The Plaintiff, Richard Lynn Dopp, is an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is serving a life sentence without the possibility of parole.1 On or about July 9, 2012, Dopp sent to the Court Clerk of Rogers County, State of Oklahoma, a civil petition against the Kirkendall defendants and a motion for leave to proceed in forma pauperis. The clerk did not immediately file the petition and motion. The Chief Judge of Rogers County issued an order on September 4, 2012, denying Dopp's motion to proceed in forma pauperis. The order stated that Dopp had filed fourteen civil lawsuits since 2002, eight of which had been dismissed, and this constituted "frivolous" activity and may additionally be regarded as "malicious" by the sheer number of civil actions unsuccessfully commenced in the past ten years.2 Thereafter, Dopp filed a petition for writ of mandamus and pauper's affidavit in this Court (Case No. 111,059). On December 17, 2012, we assumed original jurisdiction and directed the Rogers County Court Clerk to file of record the papers tendered by Dopp. Our order also provided that Dopp's case was subject to "later" dismissal if he failed or refused to pay the required costs or present an acceptable pauper's affidavit. On December 19, 2012, the Rogers County Court Clerk filed Dopp's petition, motion for leave to proceed in forma pauperis, and the court's September 4, 2012 order denying his motion (Case No. CJ-2012-705; District Court of Rogers County, State of Oklahoma). On January 3, 2013, the case was reassigned to Judge Condren.

¶2 The original petition alleged the Kirkendalls had agreed, between the years 2007 through 2009, to provide free storage of Dopp's property which included several vehicles and some firearms. Dopp alleged this contractual agreement also provided an option for the Kirkendalls to purchase the property. He further asserted the Kirkendalls refused to purchase any of the property and failed to respond to Dopp's demands to allow him an avenue to retrieve his property. The petition asserted six causes of action: replevin, conversion, fraud, negligence, breach of contract, and bailment. On July 28, 2014, Dopp filed a second amended petition in which he named an additional defendant, Jamie Glass, and alleged new causes of action: conspiracy and defamation of character/libel/slander.

¶3 On March 8, 2013, the Kirkendalls filed a motion to dismiss asserting Dopp's causes of action were barred by the applicable statute of limitations. Seven months later, Dopp filed a motion to expedite a determination of the matter. The court explained in its January 2, 2014 order that the case had fallen off the radar due to a move of the courthouse; it converted the motion to dismiss to a motion for summary judgment and granted time for the parties to present material pertinent to the motion. The court filed its order on June 26, 2014. The order converted the motion for summary judgment back to a motion to dismiss and denied the motion. It found reasonable minds could differ as to when the causes of action accrued. The order makes no mention about the Oklahoma Registry of Frivolous or Malicious Appeals (Registry), or payment of filing fees or a pauper's affidavit. The defendant Jamie Glass also filed a motion to dismiss on October 14, 2014. It alleged Dopp's causes of actions against her were barred under the applicable statute of limitations and made no mention about the Registry, filing fees or pauper's affidavit. The court denied this motion on September 18, 2015.

¶4 Although no required filing fees or acceptable pauper's affidavit were paid or provided by Dopp, the case proceeded for years. On April 29, 2016, the Kirkendalls filed a motion for summary judgment. In their motion, and what appears to be for the first time, they alleged Dopp's name appeared on the Registry at least three times prior to filing or attempting to file his original petition and, pursuant to 57 O.S. 2011, § 566.2(A), he is required to pay filing fees or file an acceptable pauper's affidavit in order to proceed or at least make allegations that he is in "immediate danger of serious physical injury."3 In addition, they noted, this Court's December 17, 2012 order in Case No. 111,059 provided that Dopp's case is subject to dismissal if he either does not pay the required costs or present an acceptable pauper's affidavit. The motion further stated that Dopp's case was ripe for dismissal for failure to pay the required costs. On June 13, 2016, a pre-trial conference was held wherein the Kirkendalls' attorney made an oral motion to dismiss the case which was denied by the court. Later, on August 29, 2016, the court reconsidered its ruling. In its order, the court noted Dopp's name appeared on the Registry at least three or more times. The court granted Dopp thirty days to demonstrate why his case should not be dismissed without prejudice for non-payment of the fees and costs. In Dopp's "show cause" responses he does not dispute that his name appears on the Registry three or more times, he instead argued that there is no proof that his name appeared prior to July 2012, when he attempted to file his petition. He also asserted that this matter has been going on for four years of litigation and only now is the payment of filing fees and costs creating an impasse; he believed, if the court had ordered it, his place of incarceration would have made partial payments out of his monthly pay.

¶5 On February 3, 2017, Judge Condren issued an order dismissing the matter without prejudice for failure to pay the required fees. Within ten days, February 13, 2017, Dopp filed a motion to reconsider.4 His motion reiterated that he has been allowed to proceed since 2012 and a dismissal with a subsequent re-filing would be an unnecessary waste considering the amount of litigation, discovery and resources expended in the matter. He further stated that his mother would be willing to pay his filing fees if he is not otherwise allowed to proceed further in the matter.5 He requested the court to advise him of the exact amount of the required filing fees and grant him thirty days to satisfy this amount. On November 1, 2017, the court denied his motion to reconsider.

¶6 On November 20, 2017, Dopp timely appealed the February 3, 2017 and November 1, 2017 orders by filing a petition in error and motion to proceed in forma pauperis in this Court (Case No. 116,545). Two days later, this Court responded with a show cause order. In our order we noted Dopp's name appeared at least three times on the Registry and such appearance "may" bar him from pressing his appeal without prepayment of all fees required by law pursuant to § 566.2. In accordance with our opinion in Cotner v. Golden, 2006 OK 25, ¶10, 136 P.3d 630, we allowed him to show cause as to why he should "nonetheless" be allowed to proceed in forma pauperis. Dopp responded arguing § 566.2 was unconstitutional and the purpose of preventing frivolous lawsuits was moot here since the court did not find his case to be frivolous and had already allowed him to proceed for four and one-half years. He notes the provisions of 28 O.S. § 152 require the court to promptly set for hearing the determination of eligibility to litigate without payment of fees or costs.6 He requested to proceed in forma pauperis regardless of his name appearing on the Registry. On February 20, 2018, we ordered Dopp to pay the $200.00 appellate cost deposit within thirty days or the appeal would be dismissed. No payment was made and on March 28, 2018, this Court dismissed the appeal.7 Mandate was issued on April 25, 2018.

¶7 Dopp refiled his petition on August 9, 2018, and named all three defendants (Case No. CJ-2018-331; District Court of Rogers County, State of Oklahoma). This time, Dopp paid the required filing fees. The matter was assigned to Judge Condren. On November 14, 2018, Dopp dismissed all claims with prejudice against Jamie Glass. Dopp eventually made service on Don Kirkendall but was only able to serve Charles Kirkendall by publication. Don Kirkendall filed an answer and motion to dismiss. He asserted the one-year "savings statute," 12 O.S. 2011, § 100,8 ran from the date of the February 3, 2017 dismissal order in CJ-2012-705 and therefore, Dopp had untimely refiled his petition. On August 5, 2019, the court held that because CJ-2012-705 was resolved other than on the merits, the one-year savings statute allowed Dopp to refile his case within one year from the February 3, 2017 dismissal. Because Dopp refiled his petition outside of that period, the court granted Don Kirkendall's motion to dismiss with prejudice.9 Dopp filed a motion to reconsider within ten days of the order. He asserted in his motion that it was undisputable that he had appealed the February 3, 2017 order and that appeal was not resolved until March 28, 2018. He noted that this Court, in Grider v. USX Corp., 1993 OK 13, ¶14, 847 P.2d 779, 785, held that the critical date for determining when the savings statute runs is the "date on which the appeal process is final." Therefore, he argued, the one year period to refile his petition began from March 28, 2018, not February 3, 2017. On October 30, 2019, the court issued its order denying the motion to reconsider. It held:

[A]ny pleading filed by Plaintiff in CJ-2012-705 after the Court dismissed that case without prejudice was void ab initio pursuant to 57 O.S. 566.2. Therefore, the Plaintiff's Motion to Reconsider/Alter or Amend Court's Order of Dismissal and his appeal of the Court's rulings did not toll the one-year savings statute that began on February 3, 2017 when the Court dismissed the case without prejudice for failure to pre-pay filing fees, pursuant to Title 57 O.S. 566.2.

¶8 On November 18, 2019, Dopp timely filed a petition in error with this Court and paid the required cost deposit (Case No. 118,412). He challenged both the order of dismissal and the order denying reconsideration. The defendants did not enter an appearance. Dopp asserted this Court's ruling in Case No. 116,545 (March 28, 2018) dismissing his appeal started the running of the savings statute and the defendant's argument that February 3, 2017 is the proper date essentially is a finding that both his timely filed motion to reconsider in CJ-2012-705 and his timely filed appeal in Case No. 116,545 are void. The matter was assigned to the Oklahoma Court of Civil Appeals (COCA), Div. III, on January 29, 2020. On April 28, 2020, COCA issued its opinion. The COCA affirmed the trial court's ruling. The court noted that Dopp had asserted he timely filed a motion to reconsider in CJ-2012-705 which extended his time to appeal and thus the completion of the first appeal should be the date to start the running of the savings statute. The COCA ruled that "this would only be the case if the motion [to reconsider] was an appropriate filing in the first place." It held that "[w]hen the court dismissed the action without prejudice on February 3, 2017 for failure to comply with 57 O.S. § 566.2, [Dopp] was no longer permitted to proceed in the case." It based its determination on the language in § 566.2 which states "may not proceed in a matter arising out of a civil case, or upon an original action or on appeal." The COCA also found the fact that Dopp had been permitted to proceed for over four years in CJ-2012-705 was not determinative of whether he could continue to proceed in the case.

¶9 On May 11, 2020, Dopp filed a timely petition for rehearing which COCA denied on May 22, 2020. His petition asserted that in CJ-2012-705, the court's order denying his motion to reconsider made no mention that the motion was void ab initio but instead ruled upon it normally as it would with any other motion to reconsider in any other case. His later timely appeal in Case No. 116,545 was also accepted by this Court and our order dismissing the matter made no mention that his motion to reconsider was void ab initio or that his appeal was untimely. Had the motion to reconsider been void ab initio, then an appeal of the February 3, 2017 order would have been untimely.10 Dopp argued COCA's opinion would have the effect of undermining this Court's procedures for perfecting an appeal.

¶10 On June 3, 2020, Dopp filed a petition for certiorari and paid the required fee of $100.00 pursuant to this Court's order. On January 19, 2021, this Court granted his petition and remanded the appeal to COCA, Div. III, and directed it to consider our precedent in Cole v. Josey, 2019 OK 39, ¶4, 457 P.3d 1007, 100911 and Grider v. USX Corp., 1993 OK 13, ¶14, 847 P.2d 779, 785.12 Three weeks later, February 11, 2021, COCA, Div. III, issued another opinion which again affirmed the trial court. The COCA found that Cole and Grider were distinguishable because the operative appellate timeline in those cases arose from "validly filed appeals." It determined that Dopp's "appeal of the 2012 Case was not a proper or valid appeal because he was not permitted to proceed following the initial dismissal of February 3, 2017." Dopp filed a second petition for certiorari which we granted on June 7, 2021.

STANDARD OF REVIEW

¶11 When reviewing a trial court's dismissal of an action the appellate court examines the issues de novo. Rogers v. Quicktrip Corp., 2010 OK 3, ¶4, 230 P.3d 853, 855-56. The standard of review involving questions of law relating to statutory interpretation is de novo, i.e., a non-deferential, plenary and independent review of the trial court's legal rulings. Bos. Ave. Mgmt., Inc. v. Associated Res., Inc., 2007 OK 5, ¶ 10, 152 P.3d 880, 885, as corrected (Feb. 14, 2007). In reviewing a trial court's decision denying a motion for new trial, the appellate court employs an abuse of discretion standard of review. Lerma v. Wal-Mart Stores, Inc., 2006 OK 84, ¶ 6, 148 P.3d 880, 883. Abuse of discretion occurs if the trial court errs with respect to a pure, simple, and unmixed question of law or where the trial court acts arbitrarily. James v. Tyson Foods, Inc., 2012 OK 21, ¶ 12, 292 P.3d 10, 14. Nevertheless, the strength of the showing for error or abuse of discretion is much less when the trial court refuses to grant a new trial than when such a motion is sustained. Id.

ANALYSIS

¶12 The issue before this Court is whether an inmate's motion for new trial or appeal a valid way to contest an order of dismissal for failure to comply with 57 O.S. 2011, § 566.2 or are such filings considered void ab initio for determining when the one-year period to refile a petition begins to run. We hold that an inmate's filings in such a case are not void ab initio and the inmate is not automatically foreclosed from challenging such order. Upon finality of the action, the one-year period pursuant to 12 O.S. 2011, § 100 shall begin to run.

¶13 In the second case, CJ-2018-331, the trial court held for the first time that any pleading Dopp filed after its February 3, 2017 order of dismissal in the first case, CJ-2012-705, was void ab initio. There was no mention of this in the order denying his motion to reconsider in the first case. In affirming that decision, the COCA held that the motion to reconsider in the first case was not appropriate because Dopp was no longer permitted to proceed after the order of dismissal. It further found that Cole and Grider were distinguishable because in each case there was a validly filed appeal. It determined Dopp's appeal of the first case was not proper or valid because he was not permitted to proceed following the February 3, 2017 order of dismissal. Taking the COCA's opinion to its logical conclusion, an order dismissing an action pursuant to § 566.2 would be unchallengeable. Although in the first appeal, Case No. 116,545, we ordered Dopp to pay the required appellate cost deposit and dismissed his appeal when he failed to comply, we did not find his appeal to be invalid or untimely.

¶14 Section 566.2(A) provides:

A. A prisoner who has, on three or more prior occasions, while incarcerated or detained in any facility, or while on probation or parole, brought an action or appeal in a court of this state or a court of the United States that has been dismissed on the grounds that the case was frivolous, or malicious, or failed to state a claim upon which relief could be granted, may not proceed in a matter arising out of a civil case, or upon an original action or on appeal without prepayment of all fees required by law, unless the prisoner is under immediate danger of serious physical injury.

The trial court's October 30, 2019 order in the second filed case and the COCA's second opinion are based on 57 O.S. 2011, § 566.2's language that a prisoner who had three or more actions dismissed on the grounds of being frivolous, or malicious, or failed to state a claim upon which relief may be granted, "may not proceed" in a matter without prepayment of all required fees, unless the prisoner is under immediate danger of serious physical injury. This statute uses the term "may" rather than "shall." "May" denotes a permissive statute and "shall" signifies a mandatory directive or command. Grimes v. City of Oklahoma City, 2002 OK 47, ¶11, 49 P.3d 719, 724. The conclusion that any filings after an order of dismissal based upon § 566.2 are void ab initio is not found in the statute. Section 566.2 does not provide for such invalidation nor has this Court ever interpreted it to do so.

¶15 We have, however, held that similar language, i.e., "may not proceed," found in 12 O.S. 2011, § 2003.1, does not preclude a challenge of a final order determining a prisoner's filing does not comply with that section's requirements. Section 2003.1 requires specific information and, if applicable, proof of poverty, to be provided by an inmate who is seeking relief in a civil action.13 Subsection D of this Section provides (emphasis added):

D. If the court determines that the filing is a noncomplying petition, motion, or other pleading filed by an inmate in a penal institution appearing pro se, the action may not proceed, and it shall be returned together with a copy of this statute and a statement of the reason or reasons for its return. If the court determines that the inmate-plaintiff knowingly and willfully failed to comply with all the requirements of this section, the court may dismiss the case with prejudice.

Even though this subsection states a noncomplying filing shall be returned and the prisoner "may not proceed," we have held that a pauper's affidavit provided by a prisoner under this section must be filed by the court clerk so that the court's final order adjudicating in forma pauperis status may be subject to judicial review.

¶16 In Cotner, a prisoner mailed a petition and pauper's affidavit to be filed by the court clerk. Cotner, 2006 OK 25, ¶1. The petition and affidavit were not filed by the clerk and were returned to Cotner with a notation "Denied" and signed by the judge. Id. Cotner, then filed a petition for writ of mandamus with this Court to compel the clerk to file his petition and to be able to proceed without payment of costs. Id. We granted the petition and issued the writ. We held, that "[w]hile a noncomplying affidavit shall be returned to the prisoner [pursuant to § 2003.1 (D)] the original petition and affidavit must be preserved by the clerk for the purpose of creating a record for judicial review." Id. ¶6. "Judicial review of a final order pursuant to [§ 2003.1] that adjudicates in forma pauperis status is by an appeal to this Court." Id., ¶7. We determined that although Cotner did not possess a liberty or property interest in obtaining pauper's status, his chose in action was a type of intangible personal property protected by the Due Process Clause of the 14th Amendment. Id., ¶6. We held that he must be given an opportunity to create a sufficient record to permit "meaningful appellate review of a trial court order that acts as an end-of-the-line disposition of it." Cotner, 2006 OK 25, ¶6. We further held:

No exercise of judicial discretion by a District Court in a civil case at law and in equity is beyond this Court's constitutionally vested appellate jurisdiction, and a party must be afforded an opportunity for appellate review of that exercise.

Id. Therefore, we did not interpret the language "may not proceed" in § 2003.1 (D) to prohibit Cotner from having the opportunity to seek judicial review of the final order.

¶17 Under the same rationale, we do not find the language in § 566.2, i.e., "may not proceed," forecloses the opportunity for judicial review of the February 3, 2017 order of dismissal. Dopp timely sought judicial review. He filed a motion to reconsider within ten days of the February 3, 2017 order. His time to appeal was stayed until the motion had been disposed of pursuant to 12 O.S. 2011, § 990.2 and Okla.Sup.Ct.R. 1.22(c)(1). The trial court denied the motion on November 1, 2017, stating "[t]he Court declines to reconsider the dismissal without prejudice of this case." This order does not address whether the motion to reconsider was void ab initio or that it was declined because he still had not paid the required fees. It was ruled upon as any other motion to reconsider. Within thirty days, Dopp timely filed a petition in error seeking appellate review of both the February 3, 2017 and November 1, 2017 orders. He also filed a pauper's affidavit. On March 28, 2018, we dismissed Dopp's appeal solely on the basis that he did not pay the $200.00 appellate cost deposit after we had ordered him to pay it. It was not dismissed for being untimely nor was it dismissed for failure to pay any required fees at the trial court.

¶18 In our January 19, 2021 order granting Dopp's first petition for certiorari, we remanded the matter to the COCA and directed it to consider this Court's precedent in Cole v. Josey, 2019 OK 39, ¶4, 457 P.3d 1007, 1009 and Grider v. USX Corp., 1993 OK 13, ¶14, 847 P.2d 779, 785. These opinions discuss when the one-year period begins to run to refile a cause of action pursuant to 12 O.S. 2011, § 100. We held that the trigger date for the savings provision begins upon the finality of the action which is the day after the filing of an appealable order dismissing the action or, if appealed, the day after the appeal is final. See Cole, ¶¶4, 12-13; Grider, ¶¶11, 14. The obvious reason for including these cited opinions was to direct the COCA on when the savings statute was triggered. In its second opinion, the COCA attempted to distinguish the present case and determined the appeals in Cole and Grider were validly filed but Dopp's appeal was not validly filed. Both Cole and Grider discussed a Tenth Circuit Court of Appeals decision, Twashakarris, Inc. v. I.N.S. of U.S., 890 F.2d 236 (10th Cir. 1989), that discussed "validly filed appeals" in regards to the savings statute. The Twashakarris court held:

We hold that an "action" includes the initial judgment and any validly filed appeals that suspend the finality of the judgment. Thus, if a plaintiff's case were dismissed otherwise than on the merits and the plaintiff filed a timely appeal or a timely motion that tolled the time required for appeal, the plaintiff would be given an additional year from the time the appeal or motion was adjudicated in which to refile a complaint. Under these circumstances, the "action" would continue until the appeal was resolved. This interpretation compliments the first clause of the statute which does not take effect until after an appeal. However, the appeal or the motions tolling the time for the appeal must be valid. In this case, the plaintiffs' only tolling motion was not timely filed, and their other motion did not suspend the judgment. As such, the "action" was not continuing and the plaintiffs had one year from the failure of the action (the dismissal) to refile a complaint.

Id. at 237--38 (emphasis added). In determining the validity of an appeal, the Twashakarris court focused on whether the motion which stayed the time to appeal was timely filed. In the present case, both Dopp's motion to reconsider and his petition in error were timely filed. Further, the determination as to whether an appeal decided by this Court was timely filed is up to the sole discretion of this Court. As mentioned, in Case No. 116,545 we did not find Dopp's appeal to be untimely. That appeal was only dismissed because Dopp failed to pay the appellate cost deposit after this Court ordered Dopp to pay the amount.

¶19 Title 12 O.S. 2011, § 100 provides:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Pursuant to Cole and Grider, the finality of the action occurred when Dopp's first appeal was final. On March 28, 2018 we dismissed his first appeal for failure to pay the required appellate cost deposit pursuant to § 566.2. Thereafter, Dopp had one year from the day after our decision was final to refile his petition. Dopp refiled his petition on August 9, 2018, well within the one-year period.

CONCLUSION

¶20 We hold the language in 57 O.S. 2011, § 566.2 does not act to automatically invalidate filings or make them void ab initio nor does it prohibit the opportunity to seek judicial review of a final order dismissing a case for failure to prepay required fees under that section. To hold otherwise would foreclose a prisoner's ability to challenge such final orders. We further hold the trial court's determination that the February 3, 2017 order of dismissal started the running of the savings statute, which was based upon a theory that Dopp's motion to reconsider in the first case was void ab initio, was an abuse of discretion.

COURT OF CIVIL APPEALS' OPINION VACATED; ORDERS OF THE
TRIAL COURT REVERSED AND REMANDED FOR FURTHER
PROCEEDINGS

¶21 Darby, C.J., Kauger, Edmondson, Combs, Gurich, Rowe and Kuehn, JJ., concur;

¶22 Kane, V.C.J. and Winchester, J., dissent.

¶23 Kane, V.C.J., with whom Winchester, J., joins, dissenting

I believe that the Appellant's filings did not toll the one-year savings statute because they were void ab initio.

FOOTNOTES

1 Dopp was tried by a jury and sentenced on three criminal counts in Ottawa County, State of Oklahoma (Case No. CF-1996-265; sentencing occurred on May 27, 1998). The three counts were for trafficking in marijuana, maintaining a residence resorted to by users of controlled dangerous substances, and felon in possession of a firearm. The court sentenced him to life in prison without the possibility of parole for the trafficking offense which was consistent with the jury's recommendation (at the time of his arrest in 1996, a person with two or more felony convictions for violating either the State's trafficking statute, 63 O.S. § 2-415, or the Uniform Controlled Substances Act, was subject to a term of imprisonment for life without parole upon a subsequent violation of the trafficking statute. 63 O.S. Supp. 1993, § 2-415(D)(3). According to the Judgment and Sentence, Dopp's sentence was enhanced due to his prior felony convictions. Dopp was also sentenced to ten years in DOC custody on each of the other two counts. The Oklahoma Court of Criminal Appeals affirmed the Judgment and Sentence on March 30, 2000; Case No. F-1998-838 (unpublished).

2 57 O.S. 2011, § 566 defines "frivolous" and "malicious" in regard to inmate actions. It defines "frivolous" as "having no reasonable basis in law or fact, or lacking any good faith legal argument for the extension, modification, or reversal of existing law, or being maintained solely or primarily for delay or to harass the party filed against." "Malicious" is defined as "filing numerous actions, or actions brought in bad faith on de minimus issues." Although, the court's order did not specifically mention the Oklahoma Registry of Frivolous or Malicious Appeals (Registry), the Registry shows only three cases filed by Dopp that were disposed of as malicious or frivolous prior to July 2012. Case No. 02-CV-659-SHE-FHM, U.S. District Court for the Northern District of Oklahoma, March 11, 2005; Case No. 05-5057, U.S. Court of Appeals, Tenth Circuit, August 30, 2007; and Case No. PC-2011-825, Oklahoma Court of Criminal Appeals, February 6, 2012.

3 57 O.S 2011, § 566.2(A) provides:

A. A prisoner who has, on three or more prior occasions, while incarcerated or detained in any facility, or while on probation or parole, brought an action or appeal in a court of this state or a court of the United States that has been dismissed on the grounds that the case was frivolous, or malicious, or failed to state a claim upon which relief could be granted, may not proceed in a matter arising out of a civil case, or upon an original action or on appeal without prepayment of all fees required by law, unless the prisoner is under immediate danger of serious physical injury.

4 12 O.S. 2011, § 990.2(A) provides:

A. Post-Trial Motions Filed Within Ten (10) Days. When a post-trial motion for a new trial, for judgment notwithstanding the verdict, or to correct, open, modify, vacate or reconsider a judgment, decree or final order, other than a motion only involving costs or attorney fees, is filed within ten (10) days after the judgment, decree or final order is filed with the court clerk, an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk. The unsuccessful party may then appeal from the order disposing of the motion within thirty (30) days after the date such order was filed. If the decision on the motion was against the moving party, the moving party may appeal from the judgment, decree or final order, from the ruling on the motion, or from both, in one appeal, within thirty (30) days after the filing of the order disposing of the motion. Successive appeals from the original judgment, decree or final order and the order disposing of the motion shall not be allowed.

See also, Okla.Sup.Ct.R. 1.22(c)(1).

5 On May 30, 2017, Dopp filed a supplement to his motion to reconsider which contained an affidavit from his mother attesting that she will loan Dopp the money to pay his filing fees.

6 28 O.S. § 152 has been amended many times but at all relevant times pertaining to CJ-2012-705, this requirement was in place. The court's September 4, 2012 order denied Dopp's pauper's affidavit. However, upon this Court's issuance of a writ of mandamus directing the court clerk to file Dopp's tendered documents (entered and filed on December 17, 2012), we determined the matter was subject to a "later dismissal" if Dopp failed or refused to pay required costs or to present an acceptable pauper's affidavit. The court clerk filed Dopp's petition and pauper's affidavit and the court's earlier September 4, 2012 order on December 19, 2012. Although Dopp does not appear to have filed a subsequent pauper's affidavit in CJ-2012-705, our later in time writ should have induced the court to promptly set a hearing on whether Dopp could still proceed without payment of fees or costs rather than let the matter proceed for over four years before deciding the matter.

7 The March 28, 2018 order provided:

Appellant appears on the Registry of Frivolous or Malicious Appeals three or more times. Appellant may not proceed in a matter arising out of a civil case, an original action, or an appeal without prepayment of fees as required by law, unless under immediate danger of physical injury. 57 O.S. § 566.2.

8 12 O.S. 2011, § 100:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

9 On June 13, 2019, Dopp filed a motion for default judgment against Charles Kirkendall. Charles had never entered an appearance in the case. In the Court's August 5, 2019 order it also determined that based upon its ruling dismissing the matter the motion for default judgment was rendered moot.

10 The motion to reconsider in CJ-2012-705 was filed on February 13, 2017, just days after the February 3, 2017 order of dismissal. The court ruled on the motion on November 1, 2017, and Dopp filed a petition in error in this Court on November 20, 2017 (Case No. 116,545). If the motion to reconsider, which stayed his time to appeal, was void ab initio, then his November 20, 2017 petition in error would have been well outside of the thirty day period for filing an appeal of the February 3, 2017 order, i.e., more than thirty days from February 3, 2017.

11 In Cole v. Josey, 2019 OK 39, ¶4, 457 P.3d 1007, 1009, we held:

The sole issue on appeal is whether the refiling of a petition after the first petition is dismissed on the grounds that service was not made within 180 days must take place within one year of the finality of the order dismissing the case or within one year from the 181st day of filing the petition. We hold, the day after the filing of an appealable order dismissing the case is the date from which the 12 O.S. 2011, § 100 "savings statute" one year refiling period begins, if the order is not appealed. Where the dismissal order is appealed the one year period commences on the day after the appeal is final. This issue has not been specifically addressed by this Court under these facts and under the version of the statute applicable to this action.

12 In Grider v. USX Corp., 1993 OK 13, ¶14, 847 P.2d 779, 785, we held:

Because we have held in Chandler that the date of finality of the order of dismissal is the determinative date, and because a judgment is not final, in this context, until the opportunity for appeal has passed or the appeal has been acted upon, we agree that the operative date here is that of the U.S. Supreme Court's denial of certiorari. Thus, Section 100's one-year saving period did not begin to run until certiorari was denied on October 2, 1989. Until the appeal process ended the proceeding was a continuation of the "action" commenced in the trial court. Mabee, 179 P.2d at 918; Twashakarris, 890 F.2d at 237. Any other decision could result in a waste of judicial time and resources, because a decision on appeal could negate any need for the refiling of a claim. Requiring the filing of a suit in District Court to proceed simultaneously with an appeal on the same issue would not be judicially efficient. Consistent with our prior case law and following that of a majority of our sister jurisdictions, we hold that the critical date is that date on which the appeal process is final. Grider's action was timely filed within this one-year period.

13 12 O.S. 2011, § 2003.1(B) and (C):

B. The following information shall be supplied by an inmate who is seeking relief in a civil action:

1. Plaintiff's full name;

2. Place of plaintiff's residence;

3. Name(s) of defendant(s);

4. Place(s) of defendant(s) employment;

5. Title and position of (each) defendant;

6. Whether the defendant(s) was (were) acting under color of state law at the time the claim alleged in the complaint arose;

7. Brief statement of the facts;

8. Grounds upon which plaintiff bases allegations that constitutional rights, privileges, or immunities have been violated, together with the facts which support each of these grounds;

9. A statement of prior judicial and administrative relief sought, copies of which shall be attached to the petition;

10. A statement of the relief requested; and

11. A complete list, supported by affidavit under penalty of perjury, of all lawsuits filed by the inmate as an inmate in the previous ten (10) years in state and federal courts and the disposition of each case.

C. In all cases in which the petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed in forma pauperis, the proof of poverty required by the Oklahoma Statutes shall be submitted.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 1993 OK 13, 847 P.2d 779, 64 OBJ 597, Grider v. USX Corp.Discussed at Length
 2002 OK 47, 49 P.3d 719, GRIMES v. OKLAHOMA CITYDiscussed
 2006 OK 25, 136 P.3d 630, COTNER v. GOLDENDiscussed at Length
 2006 OK 84, 148 P.3d 880, LERMA v. WAL-MART STORES, INC.Discussed
 2007 OK 5, 152 P.3d 880, BOSTON AVENUE MANAGEMENT, INC. v. ASSOCIATED RESOURCES, INC.Discussed
 2010 OK 3, 230 P.3d 853, ROGERS v. QUIKTRIP CORP.Discussed
 2012 OK 21, 292 P.3d 10, JAMES v. TYSON FOODS, INC.Discussed
 2019 OK 39, 457 P.3d 1007, COLE v. JOSEYDiscussed at Length
Title 12. Civil Procedure
 CiteNameLevel

 12 O.S. 2003.1, Commencement of Actions by InmatesDiscussed
 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on MeritsDiscussed at Length
 12 O.S. 990.2, Post-Trial Motions - Matters Taken Under Advisement - Costs, Attorney Fees, and InterestDiscussed
Title 28. Fees
 CiteNameLevel

 28 O.S. 152, Flat Fee Schedule - Forma PauperisDiscussed
Title 57. Prisons and Reformatories
 CiteNameLevel

 57 O.S. 566.2, Frivolous or Malicious Appeals - RegistryDiscussed at Length
 57 O.S. 566, Types of Dismissal - Sanctions - Award of Attorney FeesCited
Title 63. Public Health and Safety
 CiteNameLevel

 63 O.S. 2-415, Applicability of Act - Unlawful Acts - Violations - PenaltiesDiscussed

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA